# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

VISUAL INTERACTIVE PHONE CON-
CEPTS, INC., a Nevada Corporation

                                Plaintiff,      Case No

vs.

                                                 Hon.

UNITED STATES CELLULAR
CORPORATION, a Delaware
Corporation,

                                Defendant.

---

MANTESE HONIGMAN ROSSMAN
and WILLIAMSON, P.C.
Attorneys for Plaintiff
Gerard V. Mantese (P34424)
gmantese@manteselaw.com
Ian M. Williamson (P65056)
iwilliamson@manteselaw.com
Brendan H. Frey (P70893)
bfrey@manteselaw.com
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200 (telephone)
(248) 457-9201 (facsimile)

KOHN & ASSOCIATES, PLLC
Attorneys for Plaintiff
Kenneth I. Kohn (P35170)
k.kohn@kohnandassociates.com
Barbara Mandell (P36437)
b.mandell@kohnandassociates.com
30500 Northwestern Hwy, Suite 410
Farmington Hills, MI 48334
(248) 539-5050 (telephone)
(248) 539-5055 (facsimile)

---

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff VISUAL INTERACTIVE PHONE CONCEPTS, INC. ("VIPC"), for its Complaint against Defendant UNITED STATES CELLULAR CORPORATION ("USCC"), hereby alleges as follows:

## THE PARTIES

1. Plaintiff VIPC is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business at 1 President Street, Staten Island, New York, 10314.

2. VIPC is informed and believes, and thereon alleges, that Defendant, USCC, is a Delaware Corporation with a principal place of business at 8410 W. Bryn Mawr, Suite 700, Chicago, Illinois 60631.

3. USCC is a telecommunications company that provides products and services to customers including, *inter alia*, various mobile communication devices and/or smartphones; wireless voice communication service; wireless data exchange service; ringtones and ring-back tones; games designed for mobile communication devices and/or smartphones; visual "wallpaper" for mobile communication devices and/or smartphones; films and television episodes to be viewed on mobile communication devices and/or smartphones; digital music files and music videos for use on mobile communication devices and/or smartphones; and software applications for use on mobile communication devices and/or smartphones.

4. USCC sells and uses, without license, certain technological products, processes and systems protected by patents owned by VIPC.

5. VIPC is informed and believes and thereon alleges that USCC has committed the acts alleged herein within this Judicial District.

## JURISDICTION

6. This is an action seeking relief with respect to infringement of a United States Patent under 35 U.S.C. §§ 271 and 281.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has personal jurisdiction over USCC because it has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places infringing products, processes and/or services into the stream of commerce with the knowledge or understanding that such products, processes and/or services are sold and/or employed in the State of Michigan, including in this District. The infringing acts of USCC cause injury to VIPC within this District. Upon information and belief, USCC derives substantial revenue from the sale and/or employment of infringing products, processes and/or services within this District, expects its actions to have consequences within this District, and derives substantial revenue from e-commerce related to this District.

9. Venue is proper in the Judicial District under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

A. **The Patents at Issue**

10. On February 25, 1997, United States Patent No. 5,606,361 ("the '361 Patent"), titled "Videophone interactive mailbox facility system and method of processing information," issued and was subsequently assigned to Plaintiff. At all relevant times, Plaintiff has been

and remains the owner of all right, title, and interest in and to the '361 Patent. A copy of the '361 Patent is attached to the Complaint as Exhibit A.

11. On March 3, 1998, United States Patent No. 5,724,092 ("the '092 Patent"), titled "Videophone interactive mailbox facility system and method of processing information" issued and was subsequently assigned to Plaintiff. At all relevant times, Plaintiff has been and remains the owner of all right, title, and interest in and to the '092 Patent. A copy of the '092 Patent is attached to the Complaint as Exhibit B.

B. **Development of the Patents**

12. In 1995, the world of electronic commerce was very different than it is today. Interactive network systems existed wherein a subscriber could buy products and/or services with the aid of a telephone or cable television system, but such interactive network systems were mainly limited to the subscriber's one-way input of data. The existing systems did not provide for the immediate confirmation of an order, were not portable and lightweight, and did not provide proper security for the transactions. (Ex A, '361 Patent, p. 9 "Background of the Invention").

13. John Davidsohn ("Davidsohn"), a systems developer who has designed and implemented improved trading and other computerized systems for large brokerage and financial services firms, invented the system contained in the subject patents that allows the user to view products and services on a videophone that is less expensive than a personal computer and also more portable and user friendly than a personal computer.

14. A "videophone" as defined in the Patents includes "any device having the capabilities to receive video/voice and/or video/text as its primary function and which, in the future, may have additional capabilities added to it that will enable it to perform functions that

4

a PC computer system performs today. Further, a videophone is defined to include cellular videophones or wireless videophones or all videophones integrated with additional PC technologies and similar capabilities (disk storage, CDs, diskettes, and memory in the megabyte range and up and/or keyboards)." (Ex B, '092 Patent, pp 14-15).

15. "Videophone" encompasses basic phones that allow the user to purchase products such as ringtones and wallpaper, as well as today's so-called smart phones.

16. Davidsohn's system (the "interactive mailbox facility system" or "invention") includes the use of a central data center for functions such as processing and dispensing information to and from purchasers and sellers, and allowed for the use of improved security safeguards for network transactions.

17. Davidsohn and Anthony Cinotti ("Cinotti") filed a patent application on the invention on May 10, 1995, application number 438,892 ("the initial application"). On February 25, 1997, the United States Patent and Trademark Office duly and legally issued the '361 Patent, as described above, naming Davidsohn and Cinotti as co-inventors.

18. On September 12, 1996, Davisohn and Cinotti filed a continuation of the initial application, application number 713,007 ("the second application"). On March 3, 1998, the United States Patent and Trademark Office duly and legally issued the '092 Patent, naming Davidsohn and Cinotti as co-inventors.

19. Davidsohn and Cinotti assigned both the '361 Patent and the '092 Patent to VIPC.

C.  **The 2008 Reexamination Requests**

20. During June and July 2008, anonymous reexamination requests were filed on both of VIPC's patents.

21. Following the United States Patent and Trademark Office's reexamination, the patents were reaffirmed, with only minor amendments to the claims.

22. On April 6, 2010, a reexamination certificate issued for the '361 Patent.

23. On May 11, 2010, a reexamination certificate issued for the '092 Patent.

24. VIPC is the sole owner of the patents and holds all rights, title and interest in the patents, including the right to bring legal action against patent infringers.

## CLAIM FOR RELIEF

25. Plaintiff realleges all preceding paragraphs herein.

26. VIPC is informed and believes, and thereon alleges, that USCC's products and services, such as its mobile video service and "Video Clips" application, mobile TV service, mobile music service, "Tone Room Deluxe" Ringtone and Ringback shop, "easyedge" application catalog, Picture and Video Messaging Service, Video Share Service, and all other services identified more generally in paragraph 3, above, are covered by and, therefore, infringe, one or more of the claims of the patents-in-suit. By way of example and not limitation:

    A. USCC provides a mobile TV and video service in the United States that acts as a mailbox facility system for users to view TV episodes and movies on their videophones. This system includes a central data center that facilitates the order and delivery of TV episodes and movies.

    B. USCC provides a mobile music service in the United States that acts as a mailbox facility system for users to view and use music on their videophones. This system includes a central data center that facilitates the purchase and delivery of music.

    C. USCC provides a Video Clips service in the United States that acts as a mailbox facility system for users to view and use various media content on their videophones. This system includes a central data center that facilitates the order and delivery of miscellaneous media content.

D.   USCC provides a service called easyedge in the United States that acts as a mailbox facility system for users to view and use ringtones, games, videos and other applications on their videophones. This system includes a central data center that facilitates the purchase and delivery of said content.

27.   VIPC is informed and believes, and thereon alleges, that USCC, through its agents, employees and servants, has knowingly, intentionally and willfully infringed the patents-in-suit by making, using, offering for sale, selling and/or importing products and/or services within this Judicial District covered by one or more claims of the '361 Patent and the '092 Patent.

28.   VIPC is informed and believes, and thereon alleges, that USCC, through its agents, employees and servants has induced infringement and/or engaged in acts of contributory infringement.

29.   USCC committed these acts of infringement without license or other authorization from VIPC.

30.   Upon information and belief, USCC's infringement of the '361 Patent and the '092 Patent will continue unless enjoined by this Court.

31.   As a direct and proximate result of USCC's infringement of the '361 Patent and the '092 Patent, Plaintiff has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Plaintiff VIPC is entitled to relief.

## REQUEST FOR RELIEF

WHEREFORE, VIPC prays for relief as follows:

7

A. That USCC be adjudged to have infringed United States Patent No. 5,724,092 and Patent No. 5,606,361;

B. That USCC be adjudged to have induced infringement of United States Patent No. 5,724,092 and Patent No. 5,606,361;

C. That USCC be adjudged to have contributed to the infringement of United States Patent No. 5,724,092 and Patent No. 5,606,361;

D. That USCC, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the Order, be permanently enjoined and restrained from infringing the United States Patent No. 5,724,092 and Patent No. 5,606,361;

E. That USCC account for damages caused by the infringement of the United States Patent No. 5,724,092 and Patent No. 5,606,361;

F. That a judgment be entered against USCC awarding VIPC all damages necessary to compensate VIPC pursuant to 35 U.S.C. § 284, and in no event less than a reasonable royalty, for infringement of the United States Patent No. 5,724,092 and Patent No. 5,606,361.

G. That the damages in this judgment be trebled pursuant to 35 U.S.C. § 284 for USCC's knowing, intentional and willful infringement of United States Patent No. 5,724,092 and Patent No. 5,606,361.

H. That VIPC be awarded all pre-judgment and post-judgment interest and costs in accordance with 35 U.S.C. § 284.

I. That this case be judged an "exceptional" case within the meaning of 35 U.S.C. § 285 and VIPC awarded its reasonable attorneys' fees.

J.   That VIPC receives such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## DEMAND FOR JURY

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

MANTESE HONIGMAN ROSSMAN
and WILLIAMSON, P.C.
Attorneys for VIPC

 s/Gerard V. Mantese
Gerard V. Mantese (P34424)
gmantese@manteselaw.com
Ian M. Williamson (P65056)
iwilliamson@manteselaw.com
Brendan H. Frey (P70893)
bfrey@manteselaw.com
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200 (telephone)
(248) 457-9201 (facsimile)

Dated: May 25, 2011