IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISUAL INTERACTIVE PHONE CONCEPTS, INC., | Civil Action No. 1:11-cv-05289 |
| Plaintiff/Counterclaim-Defendant, | Hon. Elaine E. Bucklo |
| v. | **JURY TRIAL DEMANDED** |
| UNITED STATES CELLULAR CORPORATION, | |
| Defendants/Counterclaim-Plaintiff. | |

**VISUAL INTERACTIVE PHONE CONCEPTS, INC.'S ANSWER
TO U.S. CELLULAR CORPORATION'S THIRD RESTATED COUNTERCLAIMS**

Visual Interactive Phone Concepts, Inc. ("VIPC"), by its attorneys Sullivan & Worcester LLP, for its Answer to U.S. Cellular Corporation's ("U.S. Cellular's") Third Restated Counterclaims, states as follows:

**NATURE OF THE ACTION**

Counterclaim, ¶ 1:

This is an action by Counterclaim-Plaintiff U.S. Cellular pursuant to Rule 13 of the Federal Rules of Civil Procedure for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,606,361 (the "'361 Patent") and United States Patent No. 5,724,092 ("the '092 Patent"), arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

ANSWER:

VIPC admits that U.S. Cellular requests a declaratory judgment of non-infringement and invalidity pursuant to the rules and statutes cited by U.S. Cellular. VIPC denies that U.S. Cellular is entitled to the relief requested.

## PARTIES

Counterclaim, ¶ 2:

Counterclaim-Plaintiff U.S. Cellular is a corporation organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois.

ANSWER:

Upon information and belief, VIPC admits the allegations in paragraph 2 of the Counterclaim.

Counterclaim, ¶ 3:

Upon information and belief, Counterclaim-Defendant VIPC is a corporation organized under the laws of the State of Nevada with its principal place of business located at 1 President Street, Staten Island, New York, 10314.

ANSWER:

VIPC admits the allegations in paragraph 3 of the Counterclaim.

## JURISDICTION AND VENUE

Counterclaim, ¶ 4:

These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq.,* and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

ANSWER:

VIPC admits that U.S. Cellular seeks relief and has cited the United States patent laws in support of its request for relief. VIPC denies that U.S. Cellular is entitled to the relief requested. VIPC admits that this Court has subject matter jurisdiction.

Counterclaim, ¶ 5:

VIPC has sued U.S. Cellular for patent infringement of the '361 Patent and '092 Patent. U.S. Cellular denies infringement, and denies that the '361 Patent or '092 Patent is valid. There is therefore a substantial, actual, and continuing controversy between VIPC and U.S. Cellular as to the propriety of this action and as to the infringement, validity, and enforceability of the '361 Patent and '092 Patent.

ANSWER:

VIPC admits that it has sued U.S. Cellular for patent infringement of the '361 Patent and '092 Patent. VIPC admits that U.S. Cellular has denied infringement and has asserted that the patents are invalid. VIPC relies on the allegations of infringement contained in its Complaint and denies that the patents are invalid. Therefore, VIPC admits that there is a continuing controversy between U.S. Cellular and VIPC, at least as to U.S. Cellular's infringement and the validity of the patents.

Counterclaim, 116:

Venue is proper in this district pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

ANSWER:

VIPC admits that venue is proper in this district.

### FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '361 Patent)

Counterclaim, 117:

U.S. Cellular repeats and realleges each allegation set forth in Paragraphs 1 through 6 as though fully set forth herein.

ANSWER:

VIPC repeats and realleges each Answer set forth above as though fully set forth herein.

Counterclaim, ¶ 8:

      VIPC has sued U.S. Cellular for patent infringement of the '361 Patent. Thus, an immediate, real, and justiciable controversy exists between U.S. Cellular and VIPC with respect to the alleged infringement of the '361 Patent.

ANSWER:

      VIPC admits the allegations in paragraph 8 of the Counterclaim and VIPC relies on the allegations contained in its Complaint.

Counterclaim, ¶ 9:

      U.S. Cellular has not infringed and does not infringe any valid claim of the '361 Patent. For example, U.S. Cellular does not maintain a "central data center," "vendor station," or a "video storage center" as claimed in the '361 patent.

ANSWER:

      VIPC denies the allegations contained in paragraph 9 of the Counterclaim and relies on the allegations contained in its Complaint.

Counterclaim, ¶ 10:

      A judicial declaration that U.S. Cellular has not infringed and does not infringe any claim of the '361 Patent is necessary and appropriate at this time so that U.S. Cellular can ascertain its rights and duties with respect to the products and/or services that VIPC accuses of infringing the claims of the '361 Patent.

ANSWER:

      VIPC denies the allegations contained in paragraph 10 of the Counterclaim, relies on the allegations contained in its Complaint, and asserts that U.S. Cellular is not entitled to the relief requested.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '092 Patent)**

Counterclaim, ¶ 11:

      U.S. Cellular repeats and realleges each allegation set forth in Paragraphs 1 through 10 as though fully set forth herein.

ANSWER:

VIPC repeats and realleges each answer set forth above as tough fully set forth herein.

Counterclaim, ¶ 12:

VIPC has sued U.S. Cellular for patent infringement of the '092 Patent. Thus, an immediate, real, and justiciable controversy exists between U.S. Cellular and VIPC with respect to the alleged infringement of the '092 Patent.

ANSWER:

VIPC admits the allegations in paragraph 12 of the Counterclaim and VIPC relies on the allegations contained in its Complaint.

Counterclaim, ¶ 13:

U.S. Cellular has not infringed and does not infringe any valid claim of the '092 Patent. For example, U.S. Cellular does not maintain a "central data center," "vendor station," or a "video storage center" as claimed in the '092 patent.

ANSWER:

VIPC denies the allegations contained in paragraph 13 of the Counterclaim and relies on the allegations contained in its Complaint.

Counterclaim, ¶ 14:

A judicial declaration that U.S. Cellular has not infringed and does not infringe any claim of the '092 Patent is necessary and appropriate at this time so that U.S. Cellular can ascertain its rights and duties with respect to the products and/or services that VIPC accuses of infringing the claims of the '092 Patent.

ANSWER:

VIPC denies the allegations contained in paragraph 14 of the Counterclaim, relies on the allegations contained in its Complaint, and asserts that U.S. Cellular is not entitled to the relief requested.

## THIRD COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '361 Patent)**

Counterclaim, ¶ 15:

U.S. Cellular repeats and realleges each allegation set forth in Paragraphs 1 through 14 as though fully set forth herein.

ANSWER:

VIPC repeats and realleges each answer set forth above as though fully set forth herein.

Counterclaim, ¶ 16:

An immediate, real and justiciable controversy exists between U.S. Cellular and VIPC with respect to the invalidity of the '361 Patent.

ANSWER:

VIPC denies U.S. Cellular's assertion that the '361 Patent is invalid and, therefore, admits there is a real and justiciable controversy between U.S. Cellular and VIPC with respect to U.S. Cellular's invalidity claim.

Counterclaim, ¶ 17:

Each claim of the '361 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101-116.

ANSWER:

VIPC denies the allegations contained in paragraph 17 of the Counterclaim.

Counterclaim, ¶ 18:

In particular, the '361 Patent is invalid for failure to comply with the written description, enablement and definiteness requirements of 35 U.S.C § 112 *(see, e.g.,* U.S. Cellular's First Affirmative Defense).

ANSWER:

VIPC denies the allegations contained in paragraph 18 of the Counterclaim.

Counterclaim, ¶ 19:

The '361 Patent is also invalid as anticipated and/or obvious under 35 U.S.C. §§102 and 103, 305 *(see, e.g.,* U.S. Cellular's First Affirmative Defense).

ANSWER:

VIPC denies the allegations contained in paragraph 19 of the Counterclaim.

Counterclaim, ¶ 20:

The '361 Patent is also invalid under 35 U.S.C. § 305 because the claims were broadened during the second reexamination.

ANSWER:

VIPC denies the allegations contained in paragraph 20 of the Counterclaim.

Counterclaim, ¶ 21:

A judicial declaration that the claims of the '361 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that U.S. Cellular can ascertain its rights and duties with respect to the products and/or services that VIPC accuses of infringing the claims of the '361 Patent.

ANSWER:

VIPC denies that U.S. Cellular is entitled to the relief requested in paragraph 21 of the Counterclaim and, therefore, denies that such relief is necessary or appropriate.

## FOURTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '092 Patent)**

Counterclaim, ¶ 22**:**

U.S. Cellular repeats and realleges each allegation set forth in Paragraphs 1 through 20 as though fully set forth herein.

ANSWER:

VIPC repeats and realleges each answer set forth above as though fully set forth herein.

Counterclaim, ¶ 23:

An immediate, real and justiciable controversy exists between U.S. Cellular and VIPC with respect to the invalidity of the '092 Patent.

ANSWER:

VIPC denies U.S. Cellular's assertion that the '092 Patent is invalid and, therefore, admits there is a real and justiciable controversy between U.S. Cellular and VIPC with respect to U.S. Cellular's invalidity claim.

Counterclaim, ¶ 24:

Each claim of the '092 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101-116, 305.

ANSWER:

VIPC denies the allegations contained in paragraph 24 of the Counterclaim.

Counterclaim, ¶ 25:

In particular, the '092 Patent is invalid for failure to comply with the written description, enablement and definiteness requirements of 35 U.S.C. § 112 *(see, e.g.,* U.S. Cellular's First Affirmative Defense).

ANSWER:

VIPC denies the allegations contained in paragraph 25 of the Counterclaim.

Counterclaim, ¶ 26:

The '092 Patent is also invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 *(see, e.g.,* U.S. Cellular's First Affirmative Defense).

ANSWER:

VIPC denies the allegations contained in paragraph 26 of the Counterclaim.

Counterclaim, ¶ 27:

The '092 Patent is also invalid under 35 U.S.C. § 305 because the claims were broadened during the second reexamination.

ANSWER:

VIPC denies the allegations contained in paragraph 27 of the Counterclaim.

Counterclaim, ¶ 28:

A judicial declaration that the claims of the '092 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that U.S. Cellular can ascertain its rights and duties with respect to the products and/or services that VIPC accuses of infringing the claims of the '092 Patent.

ANSWER:

VIPC denies that U.S. Cellular is entitled to the relief requested in paragraph 28 of the Counterclaim and, therefore, denies that such relief is necessary or appropriate.

## FIFTH COUNTERCLAIM

**(Unenforceability Because of Inequitable Conduct)**

Counterclaim, ¶ 29:

U.S. Cellular repeats and realleges each allegation set forth in Paragraphs 1 through 28 as though fully set forth herein.

ANSWER:

VIPC repeats and realleges each answer set forth above as though fully set forth herein.

Counterclaim, ¶ 30:

An immediate, real and justiciable controversy exists between U.S. Cellular and VIPC with respect to the enforceability of the '361 and '092 Patents.

ANSWER:

VIPC denies U.S. Cellular's assertion that the '361 and '092 Patents are unenforceable and, therefore, admits there is a real and justiciable controversy between U.S. Cellular and VIPC with respect to U.S. Cellular's unenforceability claim.

Counterclaim, ¶ 31:

The '361 and '092 patents are unenforceable due to the doctrine of inequitable conduct.

ANSWER:

VIPC denies the allegation contained in paragraph 31 of the Counterclaim.

Counterclaim, ¶ 32:

Specifically, the named inventors, Messrs. John Davidson and Anthony Cinotti, and other persons associated with the filing and prosecution of the reexamination of the '361 and '092 patents had a duty of candor and good faith in dealing with the U.S. Patent and Trademark Office ("PTO"). Despite that duty, these individuals failed to disclose certain information to the Patent Office which they knew to be material to the reexamination of the '361 and '092 patents.

ANSWER:

VIPC denies the allegations contained in paragraph 32 of the Counterclaim, except deny whether a duty was owed is a legal conclusion to which no responsive pleading is required.

Counterclaim ¶ 33:

VIPC, upon information and belief acting under the direction of one or both of the inventors, represented to the court in the Virgin Mobile litigation that "videophone" meant "a device with the capability of receiving and viewing videophone messages that includes a cellular and wireless videophone and excludes general-purpose computers and wherein videophone messages include moving images, still images, text and/or voice." VIPC Opening Markman Br. at 3-4, Visual Interactive Phone Concepts, Inc. v. Virgin Mobile USA, LLC, No. 3:05-cv-2661 (MLC) (D.N.J. Jan. 31, 2007), ECF No. 19.

ANSWER:

VIPC denies the allegations contained in paragraph 33 of the Counterclaim, and respectfully refers the Court to the VIPC Opening Markman Br. at 3-4, Visual Interactive Phone Concepts, Inc. v. Virgin Mobile USA, LLC, No. 3:05-cv-2661 (MLC) (D.N.J. Jan. 31, 2007), ECF No. 19, for its full and complete contents.

Counterclaim, ¶ 34:

Reexamination Request No. 90/012,052 for the '361 Patent was filed on December 15, 2011, and Reexamination Request No. 90/012,050 for the '092 Patent was filed on December 27, 2011 (collectively, "the Second Reexamination").

ANSWER:

VIPC admits that Reexamination Request No. 90/012,052 for the '361 Patent was filed on December 15, 2011, and Reexamination Request No. 90/012,050 for the '092 Patent was filed on December 27, 2011.

Counterclaim, ¶ 35:

VIPC later, upon information and belief acting under the direction of one or both of the inventors or other persons familiar with the Virgin Mobile litigation prosecuted the Second Reexamination. In that reexamination, VIPC amended its claims in both the '361 and the '092 patents to add the phrase "wherein said videophone is a single integrated device that includes a general purpose computer and a telephone" to each claim.

ANSWER:

VIPC denies the allegations contained in paragraph 35 of the Counterclaim, except admits that both the '361 and the '092 Patents now include the phrase "wherein said videophone is a single integrated device that includes a general purpose computer and telephone".

Counterclaim, ¶ 36:

During the Second Reexamination, VIPC never told the Examiner that it had previously told the Virgin Mobile court that a videophone excluded general purpose computers.

ANSWER:

VIPC denies the allegations in paragraph 36 of the Counterclaims, as it did not have an obligation to make any such disclosure and any such disclosure would be untrue and misleading.

Counterclaim, ¶ 37:

VIPC never told the Examiner that its proposed amendment was inconsistent with its prior statements about the meaning of the claim term "videophone." Upon information and belief, VIPC, and the inventors and others with knowledge of the Virgin Mobile litigation, acted with specific intent to deceive the Patent Office to allow the amended claims over the prior art even though those claims contradicted VIPC's prior statements about the claims excluding a general purpose computer. VIPC, and the inventors and others with knowledge of the Virgin Mobile litigation, knew about the definition of "videophone" that VIPC had provided to the Virgin Mobile court and made a deliberate decision not to disclose that definition to the Patent Office.

ANSWER:

VIPC denies the allegations contained in paragraph 37 of the Counterclaim.

Counterclaim, ¶ 38:

On information and belief, VIPC's failure to disclose its statements to the Virgin Mobile court were material to the patent prosecution and misled the Examiner into allowing claims that contained an element defining a videophone to include a general purpose computer. VIPC used the new limitations in its amended claims to convince the Examiner to allow the reexamined claims. VIPC argued for allowance of the amended claims over the prior art based on it amendments to the claims. And the Examiner cited VIPC's amendment in his Reasons for Allowance. But for VIPC's failure to disclose the definition of "videophone" it provided the Virgin Mobile court, the Examiner would not have allowed claims that contracted that definition.

ANSWER:

VIPC denies the allegations contained in paragraph 38 of the Counterclaim.

Counterclaim, ¶ 39:

In addition, VIPC's failure to disclose to the Examiner the definition of "videophone" it provided the Virgin Mobile court constituted affirmative egregious misconduct. Indeed, VIPC's amendment to the definition of "videophone" in the claims inconsistent with its prior position regarding the meaning of that term.

ANSWER:

VIPC denies the allegations contained in paragraph 39 of the Counterclaim.

Counterclaim, ¶ 40:

The inequitable conduct associated with the '361 and '092 patents renders them unenforceable.

ANSWER:

VIPC denies the allegations contained in paragraph 40 of the Counterclaim.

Counterclaim, ¶ 41:

A judicial declaration that the '361 and '092 Patents are unenforceable because of VIPC's inequitable conduct is necessary and appropriate at this time so that U.S. Cellular can ascertain its rights and duties with respect to the products and/or services that VIPC accuses of infringing the claims of the '361 and '092 Patents.

ANSWER:

VIPC denies that U.S. Cellular is entitled to the relief requested in paragraph 41 of the Counterclaim and, therefore, denies that such relief is necessary or appropriate.

## VIPC'S AFFIRMATIVE DEFENSES TO U.S. CELLULAR CORPORATION'S COUNTERCLAIMS

VIPC asserts the following affirmative defenses without undertaking or otherwise shifting any applicable burdens of proof:

1. VIPC relies on the allegations contained in its Complaint and asserts that U.S. Cellular has infringed and continues to infringe the '361 and '092 patents.

2. VIPC asserts that the patents are valid, as confirmed in the USPTO's re-examination of the '361 and '092 patents.

3. VIPC asserts that U.S. Cellular fails to state a claim upon which relief may be granted.

4. VIPC asserts that the Counterclaims are barred, in whole or in part, because VIPC acted in good faith and in accordance with applicable law.

5. VIPC asserts that the Counterclaims are barred, in whole or in part, by the doctrine of waiver.

6. VIPC asserts that the Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

7. VIPC asserts that U.S. Cellular fails to plead fraud with particularity.

8. VIPC reserves the right to amend these affirmative defenses, and to allege any further defenses to the Counterclaims that become necessary or appropriate during the course of discovery.

**PRAYER FOR RELIEF**

WHEREFORE, VIPC respectfully requests judgment denying the relief requested by U.S. Cellular and granting the following relief:

A. That U.S. Cellular be adjudged to have infringed United States Patent No. 5,724,092 and Patent No. 5,606,361;

B. That U.S. Cellular be adjudged to have induced infringement of United States Patent No. 5,724,092 and Patent No. 5,606,361;

C. That U.S. Cellular be adjudged to have contributed to the infringement of United States Patent No. 5,724,092 and Patent No. 5,606,361;

D. That U.S. Cellular, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the Order, be permanently enjoined and restrained from infringing the United States Patent No. 5,724,092 and Patent No. 5,606,361;

E. That U.S. Cellular account for damages caused by the infringement of the United States Patent No. 5,724,092 and Patent No. 5,606,361;

F. That a judgment be entered against U.S. Cellular awarding VIPC all damages necessary to compensate VIPC pursuant to 35 U.S.C. § 284, and in no event less than a reasonable royalty, for infringement of the United States Patent No. 5,724,092 and Patent No. 5,606,361.

   G. That the damages in this judgment be trebled pursuant to 35 U.S.C. § 284 for U.S. Cellular's knowing, intentional and willful infringement of United States Patent No. 5,724,092 and Patent No. 5,606,361.

   H. That VIPC be awarded all pre-judgment and post judgment interest and costs in accordance with 35 U.S.C. § 284.

   I. That this case be judged an "exceptional" case within the meaning of 35 U.S.C. § 285 and VIPC awarded its reasonable attorneys' fees.

   J. That the Counterclaims be dismissed in their entirety.

   K. That VIPC receives such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## DEMAND FOR JURY

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

SULLIVAN & WORCESTER LLP

By: /s/ Gerry Silver
Gerry Silver, Esq.
1633 Broadway, 32nd Floor
New York, NY 10019
(T) 212-660-3096
(F) 212-660-3001
gerry.silver@sandw.com

Attorneys for Plaintiff/Counterclaim-Defendant

Dated: December 20, 2013