**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VISUAL INTERACTIVE PHONE CONCEPTS, INC., | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | Civil Action No. 1:11-cv-05289 |
| v. | ) ) | |
| UNITED STATES CELLULAR CORPORATION, | ) ) ) ) | Judge Elaine E. Bucklo |
| Defendant/Counterclaim-Plaintiff. | ) | |

## DEFENDANT UNITED STATES CELLULAR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

The core of VIPC's opposition to U.S. Cellular's motion is the notion that it was free to tell the Virgin Mobile court VIPC's claims meant one thing and then tell this Court and the Patent Office that they mean something else. VIPC has cited no law that allows such behavior. Nor has it cited any precedent that allows a patentee to interpret its claims in a different manner when it becomes advantageous to do so.

VIPC modified the post-reexamination patent claims to include expressly the claim scope that it disclaimed in the Virgin Mobile litigation. There is no factual dispute about VIPC's disclaimer to the Virgin Mobile court or about what its post-reexamination claims currently say. The dispute is a legal one about whether VIPC's statement to the Virgin Mobile court acts as a disclaimer, which is an issue of claim construction. And there is no reason to ignore VIPC's own statement to a court. Thus, if the Court refuses VIPC's request to abrogate its statement to the Virgin Mobile court about claim scope, the patents in suit are invalid.

Alternatively, even if the patents were not invalid, the doctrine of intervening rights prevents VIPC from receiving damages for any alleged infringement before the March 2013 issuance of the reexamination certificate for each asserted patent. This issue is one of law such

that there can be no undisputed facts. The intrinsic patent record indisputably shows that VIPC substantively changed its claims in the Second Reexamination. VIPC amended the claims after the Examiner rejected the original claims to add the limitation at issue, and according to the Federal Circuit, it is "difficult to conceive of many situations" where this amendment would not be a substantive change. The Court need only determine that "videophone" in the pre-examination claims did not require an "integrated" general purpose computer and phone (even if it allowed for such). A complete construction is not necessary. There is no reason to defer decision when the parties have only a legal dispute and when VIPC offers no argument or rationale to dispute U.S. Cellular's construction.

A.     **VIPC's Statements In Its Virgin Mobile Brief Disclaimed Patent Scope**

In its attempt to minimize its statements to the Virgin Mobile court, VIPC's brief cites the general law regarding claim construction – *i.e.*, look to the claims, the specification, and the prosecution history. Opp. at 8-9. And VIPC discusses the role of extrinsic evidence in claim construction. Opp. at 9. There is no doubt that claims are generally interpreted in that manner – when the patent owner has not otherwise disclaimed broader scope.

But here VIPC disclaimed broader claim scope, and a patentee's disclaimer takes precedence over a broader construction that might otherwise have been found from the claim language, specification, and file history. *See e.g.*, *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F. 3d 1314, 1324 (Fed. Cir. 2003) ("where the patentee has unequivocally disavowed a certain meaning to obtain his patent, the doctrine of prosecution disclaimer attaches and narrows the ordinary meaning of the claim congruent with the scope of the surrender."). VIPC expressly disclaimed that the "videophone" in its pre-reexamination claims could be infringed by a general purpose computer, saying that its claims "exclude[d]" and "did not include" such a computer. As explained in U.S. Cellular's motion, the Federal Circuit has held repeatedly that a patentee

2

can disclaim claim scope. *See* Mot. at 7-8. Therefore, whether the specification could support claims where the videophone contains a personal computer, as VIPC repeatedly argues (Opp. at 3-4, 10-11), is irrelevant because VIPC disclaimed such a construction.

Despite having clearly and expressly told the Virgin Mobile court that its claims "exclude[]" and "do[] not include" a general purpose computer, VIPC argues that its disclaimer was not clear enough to disclaim claim scope. Opp. at 9-10. VIPC first argues that the context of its statement in its Virgin Mobile brief shows that it did not disclaim a videophone containing a "general purpose computer." Opp. at 10-12. But even the full quotation that VIPC provides in its 56.1 Statement shows no such thing. As reproduced in its 56.1 statement, VIPC's Virgin Mobile brief argued:

> "Videophone" should be construed as **a device with the capability of receiving and viewing videophone messages that includes a cellular and wireless videophone and <u>excludes general purpose computers</u> and wherein videophone messages include moving images, still images, text and/or voice.**
>
> Plaintiff's construction of the term "videophone" is supported by the specification. The specification defines a "videophone" to include "any device having the capabilities to receive video/voice and/or video/text as its primary function" which includes "cellular videophones or wireless videophones." (See col. 14, lines 61-67) A videophone, however, <u>does not include a general-purpose personal computer</u>. (See col. 27, lines 60-61 a "videophone" is "easier and faster to use and less expensive than a personal computer.")

VIPC's Rule 56.1 Supplemental Statement of Material Facts ("Supp. Statement"), at ¶ 15 (quoting Ex. N, VIPC Opening Markman Br. at 3-4, Visual Interactive Phone Concepts, Inc. v. Virgin Mobile USA, LLC, No. 3:05-cv-2661 (MLC) (D.N.J. Jan. 31, 2007), ECF No. 19) (bold in original, underlining added by U.S. Cellular).[1] This quotation contains four sentences, two of which expressly exclude "general purpose computer[s]" from a "videophone," as underlined above. And the other two sentences say nothing to indicate that the Court should ignore VIPC's

---

[1] Notably, VIPC never told the Patent Office about its arguments to the Virgin Mobile court.

3

two express statements that a "videophone" does not include a general purpose computer. VIPC relies heavily on the citation to the specification in this quotation. *See* Opp. at 2, 6-7, 11. That citation, however, appears to have been included as support for the part of VIPC's proposed construction that is not at issue here (*i.e.*, "a device with the capability of receiving and viewing videophone messages that includes a cellular and wireless videophone") and by its terms, does not limit the disclaimer. Indeed, the "context" of VIPC's statement further supports the disclaimer because VIPC actually said that its claims did not cover a "general purpose computer" twice.

VIPC then argues that "VIPC was simply stating that a videophone does not include the class of stand-alone personal computers." Opp. at 11. There is, however, no evidence to support this contention, and VIPC cites none. Opp. at 11. As the quotation above shows, VIPC did not tell the Virgin Mobile court that it was only excluding stand-alone personal computers. Similarly, VIPC argues that "the Patents, even before the amendment following the Second Reexamination, provide that a videophone is a device that is integrated with video, phone and computer capabilities but is distinct from a personal computer." Opp. at 10. Here too, as the first sentence in the above quotation from VIPC's Virgin Mobile brief shows, VIPC disclaimed "general purpose computers," not just personal computers.

Moreover, there can be no dispute that VIPC's disclaimer satisfies the requirement that VIPC clearly and unmistakably disclaim claim scope. *See* Mot. at 7-8. In the Virgin Mobile case, VIPC disclaimed a "videophone" that includes a general purpose computer, expressly saying the "videophone" "excludes general purpose computers" and "does not include a general-purpose personal computer." *See* Mot. at 6. Thus, the undisputed facts here show that VIPC clearly and unmistakably disclaimed claim scope that would cover a "general purpose

4

computer," thereby easily satisfying the clear and unmistakable disclaimer standard (as cited in VIPC's brief). *See* Opp. at 12.

VIPC then argues that U.S. Cellular cited no legal precedent that VIPC's disclaimer in a legal brief limits claim scope. Opp. at 13. Notably, VIPC cites no legal precedent relating to the instant fact pattern either. Apparently, patentees do not commonly tell one court their claims mean one thing and then tell the Patent Office and another court that their claims mean exactly the opposite. Nonetheless, as explained in U.S. Cellular's opening brief, where there are no cases on point, the Court should apply the logic relating to disclaimers in other cases, such as those U.S. Cellular cites in its opening brief. *See* Mot. at 7-8. Those cases show that courts hold patentees to their public statements disclaiming claim scope thereby allowing the public to rely on the patentee's statements about claim scope. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F. 3d 1576, 1583 (Fed. Circ. 1996) ("competitors are entitled to review the public record, apply the established rules of claim construction, ascertain the scope of the patentee's claimed invention and, thus, design around the claimed invention," albeit defining the public record as the "claims, specification, and file history")); *also Markman v. Westview Instruments, Inc.*, 52 F. 3d 967, 979 (Fed. Cir. 1995) ("competitors should be able to rest assured, if infringement litigation occurs, that a judge, trained in the law, will similarly analyze the text of the patent and its associated public record and apply the established rules of construction, and in that way arrive at the true and consistent scope of the patent owner's rights to be given legal effect."). VIPC, conversely, offers no cases where a court has ignored a patentee's claim disclaimer, in any forum, and allowed the patentee to take the opposite position. Moreover, in the absence of precedent, U.S. Cellular asks the Court to consider basic considerations of fairness and equity that should keep a patentee like VIPC from playing fast and loose with the courts by offering different statements

5

about claim scope depending on what it perceives as beneficial to its current circumstances.

Finally, VIPC argues that the Second Reexamination did not enlarge the claims but in doing so ignores that claims broadened in any respect are broadened, even if some aspects might be narrowed. Opp. at 13. VIPC argues that "scope was not expanded because the claims were amended to state that the Patents apply only to an 'integrated videophone with a general purpose computer and phone." Opp. at 13 (emphasis in original). Even if true, this still shows broadening because if the claims now apply "only to an 'integrated videophone with a general purpose computer and phone" when pre-reexamination they did not apply to a videophone with a "general purpose computer," as VIPC told the Virgin Mobile court, the claims have been broadened. Broadening even one element of the claims broadens them. "A claim that is broader in any respect is considered to be broader than the original claims even though it may be narrower in other respects." *Creo Prods.*, 305 F.3d at 1344 (emphasis added).

Before the Second Reexamination, VIPC's claims excluded a general purpose computer because of its disclaimer to the Virgin Mobile court. The law and basic fairness prevent VIPC from making its disclaimer of a general purpose computer disappear. Exactly to the contrary, and using exactly the same words, VIPC later amended its claims so that the "videophone" now "includes a general purpose computer." Statement of Facts ¶¶ 13, 23. VIPC therefore broadened its claims, making them invalid under 35 U.S.C. § 305. U.S. Cellular asks the Court to enter summary judgment of invalidity of all claims in both the '361 and '092 patents.

B. **VIPC's Amendment Resulted In a Substantive Change To the Claims**

VIPC cannot enforce its patents or recover damages prior to the March 2013 issuance of the reexamination certificates for the '092 and '361 patents because it substantively changed the scope of the claims during the Second Reexamination.

An amendment made in response to an Examiner's rejection is nearly always a substantive change. Here, in response to a rejection, VIPC added the limitation "wherein said videophone is a single integrated device that includes a general purpose computer and a telephone" to every independent claim in the '092 and '361 patents. Opp. at 5-6; Mot. at 2-3. As the Federal Circuit has held, "it is difficult to conceive of many situations in which the scope of a rejected claim that became allowable when amended is not substantively changed by the amendment." *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1348 (Fed. Cir. 1998).[2] VIPC's amendment, therefore, should end the matter. As the scope of the claims have changed, this Court should preclude VIPC from recovering damages prior to March 2013. *See Bloom Eng'g v. N. Am. Mfg.*, 129 F. 3d 1247, 1250 (Fed. Cir. 1997) ("Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate.").

Even if one ignores *Laitram*, the only dispute is the construction of "videophone" in the pre-reexamination claims, which, compared to the post-reexamination claims, clearly shows that VIPC substantively changed the claims. This dispute is one of claim construction and therefore is an issue of law amendable to summary judgment. The post-reexamination claims now require that "said videophone is a single integrated device that includes a general purpose computer and a telephone." But before VIPC's amendment in the Second Reexamination, an un-integrated device could still fall within the claims. This conclusion follows from the claim language, specification, and prosecution history, which all show that "videophone" was not limited to an "integrated" device prior to the Second Reexamination.

---

[2] VIPC argues that *Laitram* does not set forth a "per se" rule. Opp. at 14. While that is true, VIPC offers no reason not to apply this general rule in this case.

Starting with the claim language, the term "videophone" alone gives no indication that it already required an integrated general purpose computer and phone. A videophone could easily have multiple pieces and not be an "integrated" device. Indeed, dependent claim 6 of the '092 patent shows just that, adding that "said videophone further includes an expanded touch pad for sending additional detailed information and a pointer for use on the videophone monitor screen." Ex. B, U.S. Patent No. 5,724,092, Col. 30:1-4. Dependent claim 2 of the '361 patent includes almost identical language. Ex. A, U.S. Patent No. 5,606,361, Col. 20:22-28. For both patents, Figure 4 expressly shows both the "expanded touch pad" and the "pointer" as separate, and therefore non-integrated, components of the "videophone." Ex. A, U.S. Patent No. 5,606,361, Fig. 4; Ex. B, U.S. Patent No. 5,724,092, Fig. 4. As such, the phone and general purpose computer could be integrated or not in the pre-reexamination claims.

And as VIPC admits in its brief and statement of facts, the specification for both the '092 and '361 patents describes a "videophone" as "<u>any device</u> having the capabilities to receive video/voice and/or video/text as its primary function . . . ." Opp. at 3, 10 (emphasis added); Supp. Statement at ¶ 2 (emphasis added). "Any" such device does not require an "integrated" general purpose computer or phone (*i.e.*, a general purpose computer and phone within the same structure as the rest of the videophone), as now claimed.

Similarly, the file history shows, consistent with the specification, that the Examiner in the Second Reexaminations for both patents defined "videophone" as "any device having the capabilities to receive video/voice and/or video/text as its primary function" and rejected the claims. Supp. Statement at ¶ 12. Here too, the general purpose computer and phone could be integrated or not.

8

VIPC responds by wrongly arguing, citing the specification, "that 'videophone' always was limited to 'a single integrated device that includes a general purpose computer and a telephone', not a multi-component PC, and therefore the amendment is merely a clarification." Opp. at 15. First, the Examiner disagreed with this contention and forced VIPC to amend the claims, providing telling evidence of what the claims meant before VIPC's amendment. Second, VIPC is wrong because, as described above, the claim language and specification did not limit the "videophone" as VIPC now asserts.

And importantly, VIPC offers no argument or evidence to support its argument that "videophone" "always was limited to" the features added in the reexamination. *See* Opp. at 15. VIPC just baldly contends "that 'videophone' always was limited to 'a single integrated device that includes a general purpose computer and a telephone', not a multi-component PC, and therefore the amendment is merely a clarification." Opp. at 15. Similarly, VIPC argues that the Examiner and the Court employ ostensibly different standards to construe a claim term but never explains why using a different standard would change the meaning of "videophone." With VIPC having failed to support its proposed construction, the Court should find that VIPC substantively changed claim scope in the Second Reexamination and that intervening rights apply.

VIPC also argues that U.S. Cellular's motion is "premature" and asks the Court to defer decision until it has "definitively construed the claims in the Patents." Opp. at 14. But this issue is ripe now, and its resolution will significantly simplify the remainder of this case. As a predicate matter, it is not uncommon for courts to decide the issue of intervening rights prior to a full claim construction. *See, e.g., Ebay Inc. v. PartsRiver, Inc.*, Nos. 10-cv-4947, 2011 U.S. Dist. LEXIS 49522 (N.D. Cal. May 9, 2011) (precluding damages prior to issuance of reexamination certificates prior to claim construction); *Erberle v. Harris*, No. 03-cv-5809, 2010 U.S. Dist.

9

LEXIS 142485, at *14 (D.N.J. June 30, 2010) ("In the instant matter, Plaintiff argues that summary judgment is inappropriate at this juncture because discovery has not yet been completed. The Court disagrees."); *Engineered Data Prods., Inc. v. GBS Corp.*, 506 F. Supp. 2d 461 (D. Col. 2007) (granting in part motion for intervening rights prior to claim construction).

Second, only one term is relevant to the issue of intervening rights, "videophone." There is no reason to progress through all the claim construction steps for each disputed term of these patents as well as the other steps in the Patent Local Rules. If damages are appropriately limited to post-March 2013, the overall claim construction process will be simplified, along with the rest of discovery, because addressing prior iterations of U.S. Cellular's network from 2005 through 2013 will no longer be necessary. Likewise, damages discovery will be greatly simplified because U.S. Cellular's financial data from the 2005 through the 2013 time period might not be relevant. Nor is a full construction of "videophone" needed to decide this motion. The Court need only decide that the language VIPC added as an amendment was not inherently part of the "videophone" term—as the Patent Examiner repeatedly determined. Thus, prolonged briefing and a hearing on this and likely many other terms are unnecessary to decide this motion.

Whether "videophone" inherently included the features VIPC added in the Second Reexamination is a question of law. The intrinsic patent record indisputably shows that "videophone" did not inherently include these features, meaning that VIPC substantively changed the scope of the claims and U.S. Cellular has intervening rights. VIPC is therefore barred from recovering damages prior to the March 2013 issuance of the reexamination certificates for the '092 and '361 patents. U.S. Cellular asks the Court to issue partial summary judgment that VIPC cannot recover damages before the March 2013 issues of the reexamination certificates.

Dated:  January 27, 2014

Respectfully submitted,

UNITED STATES CELLULAR CORPORATION

By: /s/ Douglas I. Lewis
    One of Its Attorneys

Richard J. O'Brien
Douglas I. Lewis
James I. Zirkle
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois  60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036