**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VISUAL INTERACTIVE PHONE CONCEPTS, INC., | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | |
| v. | ) ) | Civil Action No. 1:11-cv-05289 |
| UNITED STATES CELLULAR CORPORATION, | ) ) ) ) ) | Honorable Elaine E. Bucklo |
| Defendant/Counterclaim-Plaintiff. | ) | |

**UNITED STATES CELLULAR CORPORATION'S RESPONSE TO VIPC'S
SUPPLEMENTAL STATEMENT OF FACTS**

1

A. <u>The Patents, Prosecution History & Reexaminations</u>

1. VIPC owns the two patents involved in this action, U.S. Patent Nos. 5,606,361, Ex. A, and 5,724,092, Ex. B (collectively "the Patents").

**RESPONSE:** U.S. Cellular objects that this paragraph contains no "references to the affidavits, parts of the record, and other supporting materials relied upon" therein as required by Local Rule 56.1(b)(3)(C). U.S. Cellular therefore has no basis to admit or deny this statement.

2. The Patents' specifications describe the videophone as "any device having the capabilities to receive video/voice and/or video/text as its primary function and which, in the future, may have additional capabilities added to it that will enable it to perform functions that a PC computer performs today. Further a videophone is defined to include cellular videophones or wireless videophones or all videophones integrated with additional PC technologies and similar capabilities." Ex. A, U.S. Patent No. 5,606,361, col. 10 1. 32-40, Ex. B, U.S. Patent No. 5,724,092, col. 14-15.

**RESPONSE:** Admitted.

3. The Patents' specifications state that "the primary object of the present invention is to provide a videophone that is easier and faster to use, less expensive than a personal computer, and also more user friendly than a personal computer." Ex. A, U.S. Patent No. 5,606,361, col. 2 1. 28-33, Ex. B U.S. Patent No. 5,724,092, col. 2 1. 28-33.

**RESPONSE:** U.S. Cellular denies that the Patents' specifications contain the above quotation. U.S. Cellular admits that, at the cited locations, the Patents' specifications state that "the primary object of the present invention is to provide a videophone interactive mailbox facility system that allows the user to view products and services on a videophone that is easier and faster to use, less expensive than a personal computer, and also more user-friendly than a personal computer."

4. The United States Patent and Trademark Office (the "USPTO") reexamined the Patents twice, and allowed the Patents both times. Ex. C, Ex Parte Reexamination Certificate No.

5,606,361 C1, Ex. D, Ex Parte Reexamination Certificate No. 5,724,092 C1, Ex. E, Ex Parte Reexamination Certificate No. 5,606,361 C2, Ex. F, Ex Parte Reexamination Certificate No. 5,724,092 C2.

**RESPONSE:** Admitted.

> 5. The claim after the First Reexamination provides:
>
> 1. A videophone interactive mailbox facility system including a central data center for processing of information to conduct a transaction, comprising:
>
> (a) A user station having a videophone for viewing transaction information and video sent or received to conduct a transaction; and means for inputting said transaction information into said videophone; said videophone including a video screen, a memory chip for storing said transaction information and an interface chip for interfacing with said central data center.
>
> Ex. D, Ex Parte Reexamination Certificate No. 5,724,092 C1, col. 1 l. 20- 31.

**RESPONSE:** U.S. Cellular denies that this is the entirety of "[t]he claim" after the First Reexamination. U.S. Cellular admits that the above quotation is an accurate transcription of the preamble and first limitation of claim 1 of U.S. Patent No. 5,724,092 after the first reexamination certificate issued and before the second reexamination certificate issued.

> 6. On or about December 15, 2011, an entity called Muir Patent Consulting, LLC ("Muir"), on behalf of, upon information and belief, Samsung, requested reexamination of the Patents. One of Muir's arguments was that prior art existed involving a personal or desktop computer. Ex. G, Muir Request for Reexamination.

**RESPONSE:** U.S. Cellular admits that an entity called Muir Patent Consulting, PLLC requested reexamination of the Patents on December 15, 2011 and that Muir cited prior art that involving personal computers.

U.S. Cellular objects to VIPC's inclusion of supposedly undisputed facts that are based only on "information and belief." U.S. Cellular objects that this paragraph contains no "references to the affidavits, parts of the record, and other supporting materials relied upon" therein relating to Muir and Samsung's relationship as required by Local Rule 56.1(b)(3)(C). U.S. Cellular therefore has no basis to admit or deny this statement.

7. In its Response to the Office Action dated July 12, 2012, VIPC argued that none of the prior art disclosed the videophone element claimed in the Patents. In particular, VIPC distinguished the prior art because, <u>inter alia</u>, the videophone as described in the Patents constituted an "integrated device that includes a telephone, a keypad, a camera, a display screen, and additional PC technologies", while the prior art, among other differences, requires the presence of "separate components", including a separate personal computer and telephone. Ex. H, VIPC Response to the Office Action in Second Ex Parte Reexamination of '361 Patent (July 12, 2012) at pp. 4-6.

**RESPONSE:** Although it disagrees with VIPC's argument to the Patent Office, U.S. Cellular admits that VIPC argued to the Patent Office as stated. The Patent Office, however, rejected this argument. Exhibit I to VIPC's Supplemental Statement of Facts, Office Action in the Second Ex Parte Reexamination of the '361 Patent (September 13, 2012) at pp. 1, 6-7.

8. During his review of the patents, the Examiner sought to give the "broadest reasonable interpretation of claim terms consistent with the specification." Ex. I, Office Action in the Second Ex Parte Reexamination of '361 Patent (September 13, 2012) at p. 6.

**RESPONSE:** Admitted.

9. The Examiner stated:

The disclosed configuration of components of the user station videophone [as a single integrated device] are but a <u>single example</u> of a videophone. The term videophone is interpreted <u>more broadly</u> than the embodiment illustrated in Figure 1 of the '361 Patent. (Emphasis added).

Ex. I, Office Action in Second Ex Parte Reexamination of '361 Patent (September 13, 2012) at pp. 8-9.

**RESPONSE:** U.S. Cellular admits that the Examiner stated the above, with the exception of the bracketed text and the underlining.

10. Representatives of VIPC met with the Patent Examiner on August 29, 2012, and they came to a tentative understanding of conditions for allowance of the claims. VIPC would

4

amend the claims to clarify the description of videophone as defined in the Patents by expressly adding to each independent claim that a videophone is "an integrated device that 'includes a general purpose computer and telephone'", so as to "confirm that a traditional desktop computer with a modular keyboard, modular monitor, etc. is not an integrated videophone claimed by [VIPC]". Ex. J, Patent Owner's Statement of the Interview with Patent Examiner held on August 29, 2012 at p. 2.

**RESPONSE:** U.S. Cellular admits that representatives of VIPC met with the Patent Examiner on August 29, 2012. U.S. Cellular also admits that VIPC's statement of the interview states that representatives of VIPC and the Examiner came to a tentative understanding and that "the limitation of a videophone as an integrated device that 'includes a general purpose computer and telephone' was to be expressly added to each independent claim." U.S. Cellular further admits that VIPC's statement of the interview states that "the response was to confirm that a traditional desktop computer with a modular keyboard, modular monitor, etc. is not an integrated videophone claimed by [VIPC]." U.S. Cellular denies VIPC's characterization of the statement that the amendment was "to clarify the description of videophone" and notes that the record evidence does not show that. *See* Ex. J to VIPC's Supplemental Statement of Facts at p. 2 ("In particular, the Patent Owner's argument that the prior art of record fails to include a videophone that is a single integrated device (particularly in light of the amendments to independent claims 1-4, specifying that the claimed videophone is 'a single integrated device that includes a general purpose computer and a telephone'), is found to be persuasive.").

11. The Examiner wrote that VIPC's representatives and the Examiner discussed whether the definition of the videophone in the Patents" "should be limited" to require inclusion of a phone and it being a "single integrated device". The Examiner noted that the potential amendment specifying that the videophone is a single, integrated device including a telephone and computer would "distinguish[ ] [it] from the prior art by fact that it comprised a single integrated device (the videophone), while prior art implementations instead utilized a personal computer." Ex. K, Patent Examiner's Continuation Sheet to the Explainer's Ex Parte Reexamination Interview Summary.

5

**RESPONSE:** VIPC has not quoted the Examiner's response but created an argument. U.S. Cellular disagrees with VIPC's characterization of the Examiner's remarks above. U.S. Cellular admits that, in his summary of the August 29, 2012, interview with VIPC's representatives, the Examiner wrote as follows:

> In view of arguments presented in the proposed response, the examiner posed the question of why the claimed videophone, explicitly defined in the specification of the '092 patent as "any devices having the capabilities to receive video/voice and/or video/text as its primary function", should be limited to require the inclusion of a phone, as well as why the inclusion of new claim language requiring the videophone to be a "single integrated device" would not have been obvious in view of the disclosure of Katz.
>
> Additional claim amendments to further specify that the videophone includes a telephone and computer were discussed. Also discussed was the disclosure of the prior art in the specification of the '092 patent, and the fact that the disclosed invention was distinguished from the prior art by the fact that it comprised a single integrated device (the videophone), while prior art implementations instead utilized a personal computer.

Ex. K to VIPC's Supplemental 56.1 Statement.

    12.    VIPC proposed an amendment to the claims:

The 'videophone' element as claimed by the Applicants is not a collection of devices capable of communicating with each other, to the contrary, the 'videophone' as claimed by the Applicants is a single integrated device that includes a general purpose computer and a telephone . . . . A traditional desk top computer in 1995 was not an integrated device that included the capacity of making telephone calls.

Ex. L, VIPC's Amendment Response and Supplemental Amendment to Office Action in Second Ex Parte Reexamination of '361 Patent (December 10, 2012) at pp. 8-9.

**RESPONSE:** Admitted.

    13.    The USPTO allowed the amendment stating:

The Patent Owner's arguments, filed December 10, 2012 have been considered and found to be persuasive.

In particular, the Patent Owner's argument that the prior art of record fails to include a videophone that is a single integrated device (particularly in light of the amendment to independent claim 1, specifying that the claimed videophone is 'a single integrated device that includes a general purpose computer and a telephone') is found to be persuasive.

6

Ex. M, Notice of Intent to Issue Reexamination Certificate (December 11, 2012) at p. 2.

**RESPONSE:** Admitted except that U.S. Cellular notes that the Notice of Intent to Issue Reexamination Certificate for the '361 Patent was mailed on March 4, 2013, not December 11, 2012. Ex. M to VIPC's Supplemental Statement of Facts, at p. 1.

B.  <u>The Virgin Mobile Action</u>

  14. In 2005, VIPC commenced an action against Virgin Mobile USA, LLC (the "Virgin Mobile Action").

**RESPONSE:** Admitted. U.S. Cellular objects that this paragraph contains no "references to the affidavits, parts of the record, and other supporting materials relied upon" therein as required by Local Rule 56.1(b)(3)(C).

  15. VIPC's Opening Markman Brief (the "Virgin Mobile Brief"), states as follows:

"Videophone" should be construed as **a device with the capability of receiving and viewing videophone messages that includes a cellular and wireless videophone and excludes general purpose computers and wherein videophone messages include moving images, still images, text and/or voice**.

Plaintiff's construction of the term "videophone" is supported by the specification. The specification defines a "videophone" to include "any device having the capabilities to receive video/voice and/or video/text as its primary function" which includes "cellular videophones or wireless videophones." (<u>See</u> col. 14, lines 61-67) <u>A videophone, however, does not include a</u> general-purpose personal computer. (<u>See</u> col. 27, lines 60-61 a "videophone" is "easier and faster to use and less expensive than a <u>personal</u> computer.")

Ex. N, VIPC Opening Markman Br. at 3-4, <u>Visual Interactive Phone Concepts, Inc. v. Virgin Mobile USA, LLC</u>, No. 3:05-cv-2661 (MLC) (D.N.J. Jan. 31, 2007), ECF No. 19 (bold in original, emphasis added).

**RESPONSE:** Admitted except that the underlined sentence was underlined for emphasis by VIPC in its Supplemental Statement of Facts and was not underlined in the original claim construction brief.

  16. Co-Inventor of the Patents and President of VIPC, John Davidsohn appeared at a deposition in the Virgin Mobile Action prior to filing of the Virgin Mobile Brief, wherein he testified as follows:

7

Q: Would you agree to the statement the videophone is in effect a mini computer; it's just a simple computer? Would you agree to that statement in reference to your videophones?

A: A simple computer?

Q: Correct.

A: That it's simplified. It's a PC. It's a - - it has a PC chip in it, and it acts like a PC; but it's easier. It's handheld. You can take it anywhere you want. It's accessible. And you could, you know - - you could have it at your - - wherever you go.

It's not like a laptop, and it's not like the drive all of a sudden it doesn't - - it stops working. There is not many moving parts in it.

The fact is that the videophone is very handy, very easy to use.

Ex. O, Transcript for the deposition of John Davidsohn, in Visual Interactive Phone Concepts, Inc. v. Virgin Mobile USA, LLC, No. 3:05-cv-2661 (MLC) (D.N.J. Jan. 31, 2007), pp. 206:19 – 207:10.

**RESPONSE:** Admitted

Dated:  January 27, 2014

Respectfully submitted,

UNITED STATES CELLULAR CORPORATION


By: /s/ Douglas I. Lewis
       One of Its Attorneys

Richard J. O'Brien
Douglas I. Lewis
Savan N. Vaghani
James I. Zirkle
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois  60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2014, the foregoing document was served upon the following counsel of record via the Court's CM/ECF system.

/s/ James I. Zirkle

*Attorney for United States Cellular Corporation*