IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
VISUAL INTERACTIVE PHONE      )
CONCEPTS, INC.,               )
                              )
        Plaintiff/            )
    Counter-Defendant,        )
                              )
    v.                        )   No. 11 C 5289
                              )
U.S. CELLULAR CORP.,          )
                              )
        Defendant/            )
    Counter-Plaintiff.        )
```

MEMORANDUM OPINION AND ORDER

U.S. Cellular Corporation ("U.S. Cellular" or "Defendant") has moved for summary judgment on the ground that Visual Interactive Phone Concepts ("VIPC" or "Plaintiff") violated 35 U.S.C. § 305 by enlarging its patent claims during a reexamination proceedings before the U.S. Patent and Trademark Office ("PTO"), which would render the underlying patents invalid as a matter of law. See *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1584 (Fed. Cir. 1995). Alternatively, U.S. Cellular argues that VIPC's claims substantively changed when they emerged from reexamination in March 2013 and cannot be enforced before that date.

U.S. Cellular's motion is denied for the reasons stated below.

1

I.

The patents-in-suit, U.S. Patent Nos. 5,606,361 ("the '361 patent") and 5,724,092 ("the '092 patent"), were issued in 1997 and 1998, respectively, to inventors John Davidsohn and Anthony Cinotti.[1] As VIPC acknowledges, the patents disclose an invention from a previous era of electronic commerce. Compl. at ¶ 12. The "primary object" of the present invention is to provide consumers with a system for viewing products and services on a videophone that is "easier and faster to use," "less expensive," and "more user-friendly than a personal computer." See '361 Patent, Col. 2, Lines 28-33.

The claimed "videophone interactive mailbox facility system" is comprised of three interconnected systems: (1) user stations, (2) a central data center, and (3) vendor stations. The user station for this invention includes, *inter alia*, "a videophone for viewing transaction information sent or received to conduct a transaction." *Id.* at Claim 1(a). A "videophone," in turn, is described in the specification as:

> [A]ny device having the capabilities to receive video/voice and/or video/text as its primary function and which, in the future, may have additional capabilities added to it that will enable it to perform functions that a PC computer performs today. Further, a videophone is defined to include cellular videophones or wireless videophone or all videophones integrated

---
[1] The '092 patent issued on March 3, 1998 is a continuation of the '361 patent issued on February 25, 1997. VIPC received an assignment of both patents on June 9, 1998.

2

with additional PC technologies and similar
capabilities (disk storage, CDs, diskettes, and memory
in the megabyte range and up and/or keyboards).

*Id*. at Col. 10, lines 32-41.

VIPC allegedly disclaimed a particular construction of the claimed "videophone" during its infringement action against Virgin Mobile USA, LLC filed in May 2005 concerning the same patents-in-suit. *See VIPC v. Virgin Mobile USA, LLC*, No. 3:05-cv-2661 (MLC) (D.N.J.). In its claim construction brief from the *Virgin Mobile* litigation, VIPC argued that a "videophone" should be defined as:

> [A] device with the capability of receiving and viewing
> videophone messages that includes a cellular and
> wireless videophone *and excludes general-purpose
> computers* and wherein videophone messages include
> moving images, still images, text and/or voice.

*Id*., Dkt. No. 19 at ¶ 29 (emphasis added). VIPC now contends that it was merely trying to distinguish its "videophone" from desktop personal computers during the *Virgin Mobile* litigation.

The *Virgin Mobile* court ultimately held that VIPC's infringement action was barred by judicial estoppel, which obviated the need to construe the underlying patent claims. *See VIPC v. Virgin Mobile USA, LLC*, 2008 WL 4192065 (D.N.J. Sept. 8, 2008) (granting summary judgment against VIPC based on its inconsistent, bad faith representations regarding the validity of an exclusive license agreement).

3

VIPC filed this case and several other infringement actions in 2011.[2] Shortly thereafter, an entity known as Muir Patent Consulting, LLC filed *ex parte* requests with the PTO seeking reexamination of the patents-in-suit.[3] The PTO granted these requests for reexamination and issued non-final office actions rejecting all claims in the '361 and '092 Patents based on citations to prior art. Def.'s Statement of Facts ("DSOF") at ¶¶ 9, 19.

In response to the PTO's first office actions, VIPC attempted to place its claims in context. Although smart phones are now ubiquitous, VIPC argued that "the concept of a single device that incorporates the functionality of a phone, a display screen, a video camera, and potentially 'additional PC technologies' was novel and non-obvious when the ['361 and '092 Patent] application[s] [were] filed." *Id*. at Exs. F and L. With regard to configuration, VIPC underscored that its claimed videophone "is not a mere collection of separate components," but rather "an integrated device that includes a telephone, a keypad,

---

[2] *See VIPC v. Samsung Telecommunications Am., LLC*, No. 11-12945, 2012 WL 1049197, at *1 n.2 (E.D. Mich. Mar. 28, 2012) (collecting parallel cases).
[3] The patents-in-suit were subject to a prior *ex parte* reexamination proceeding, which resulted in the PTO issuing reexamination certificates for both patents in April and May 2010. Neither party asserts that the claim amendments made during the first reexamination are relevant to the U.S. Cellular's pending motion for summary judgment.

a camera, a display screen, and additional PC technologies." *Id*. at ¶¶ 10, 20.

The PTO identified three distinct embodiments of the claimed videophone in its next office action addressing VIPC's arguments. *Id.* at ¶¶ 11, 21. Adopting the "broadest reasonable interpretation" of claim terms consistent with the specification, *see In re Hiniker Co.*, 150 F.3d 1362, 1368 (Fed. Cir. 1998), the patent examiner interpreted the claimed "videophone" as "any device having the capability to receive video/voice and/or video/text as its primary function." *Id*. at ¶¶ at 12, 22. In adopting this interpretation, the PTO rejected VIPC's argument that the claimed videophone was necessarily a "single integrated device." *Id*. at Exs. G and M. Although the claimed videophone *could* be configured as a single integrated device, this configuration was simply one embodiment of the invention rather than a limitation implicit in the claims. *Id.*

VIPC then proposed to amend its claims with the following limitation: "wherein said videophone is a single integrated device that includes a general purpose computer and a telephone." *Id.* at ¶¶ 13, 23. The PTO concluded that the prior art of record failed to disclose a videophone that was a single integrated device. *Id.* at ¶¶ 16, 25. Thus, VIPC's amended claims were found to be distinguishable over prior art. The PTO issued

5

reexamination certificates for both patents, as amended, in March 2013.

II.

U.S. Cellular has moved for summary judgment on the ground that VIPC either "enlarged" or "substantively changed" its patent claims during reexamination. The former argument is an invalidity defense while the latter argument seeks to limit the time period during which VIPC may recover damages for alleged infringement of its patents.

In resolving the present motion, I must view the evidence and draw all reasonable inferences in VIPC's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). U.S. Cellular must present clear and convincing evidence to prevail on its invalidity defense given that issued patents are presumptively valid. *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S.Ct. 2238, 2242 (2011).

A.

"A patentee is not permitted to enlarge the scope of a patent claim during reexamination." *Creo Produc., Inc. v. Presstrek, Inc.*, 305 F.3d 1337, 1344 (Fed. Cir. 2002) (citing 35 U.S.C. § 305). In determining whether a patent claim was

impermissibly enlarged, a court "must analyze the scope of the claim prior to reexamination and compare it with the scope of the claim subsequent to reexamination." *Id*. "A reexamined claim that is broader in any respect is considered to be broader than the original claim even though it may be narrower in other respects." *Id*. "[A] violation of 35 U.S.C. § 305 is an invalidity defense in a patent infringement action" that will result in judgment against the patentee. *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1584 (Fed. Cir. 1995).

U.S. Cellular argues that a simple comparison between VIPC's claim construction brief from the *Virgin Mobile* litigation and its amended claims establishes a violation of 35 U.S.C. § 305. Recall that VIPC argued during the *Virgin Mobile* litigation that its claimed videophone "excludes general purpose computers." VIPC later amended its claims during reexamination to state that its claimed videophone "includes a general purpose computer." Although excluding and then including something from a patent claim appears to constitute an enlargement, VIPC's claim construction argument was not a legally binding disclaimer that narrowed the scope of its claims. Thus, U.S. Cellular's argument that VIPC enlarged its claims during reexamination is based on a faulty premise.

As a general matter, "[a] patentee is bound by representations made and actions that were taken in order to

7

obtain the patent." *Typhoon Touch Tech., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1381 (Fed. Cir. 2011). This principle finds expression in the related doctrines of specification and prosecution disclaimer. "Where the specification makes clear that the invention does not include a particular feature, that feature is deemed to be outside the reach of the claims of the patent, even though the language of the claims, read without reference to the specification, might be considered broad enough to encompass the feature in question." *SciMed Life Sys. v. Advanced Cardiovascular*, 242 F.3d 1337, 1341 (Fed. Cir. 2001). Similarly, "where [a] patentee has unequivocally disavowed a certain meaning to obtain his patent, the doctrine of prosecution disclaimer attaches and narrows the ordinary meaning of the claim congruent with the scope of the surrender." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003); *see also Spectrum Intern., Inc. v. Sterilite Corp.*, 164 F.3d 1372, 1379 (Fed. Cir. 1998) ("This principle applies with equal force to arguments made by a patentee to sustain the patentability of claims during reexamination.").

VIPC argued that its claimed videophone did not include "general purpose computers" during the *Virgin Mobile* litigation. U.S. Cellular concedes, as it must, that VIPC's argument does not appear in the specification or prosecution history for the patents-in-suit. *See* Dkt. No. 69 at 8. Thus, the traditional

disclaimer doctrines cited above are not directly on point. To the extent that U.S. Cellular's argument sounds in judicial or collateral estoppel, these doctrines also provide no support given that VIPC's claim construction arguments in the *Virgin Mobile* litigation were never ruled upon. *See Walton v. Bayer Corp.*, 643 F.3d 994, 1002 (7th Cir. 2011) ("Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity." (internal quotation omitted)).

With traditional disclaimer and estoppel doctrines providing only indirect support, U.S. Cellular's argument boils down to the assertion that "[a] patentee's statements *in any portion of the public record* can be a [legally binding] disclaimer." Dkt. No. 69 at 8-9 (emphasis added). No case cited in U.S. Cellular's briefs supports this sweeping proposition. The "public record" that informs claim construction and may contain legally binding disclaimers is far more limited than U.S. Cellular suggests:

> The claims, specification, and file history, rather than extrinsic evidence, constitute the public record of the patentee's claim, a record on which the public is entitled to rely. In other words, competitors are entitled to review the public record, apply the established rules of claim construction, ascertain the scope of the patentee's claimed invention and, thus, design around the claimed invention.

9

*Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996); *see also Phillips Petrol. Co. v. Huntsman Polymers Corp.*, 157 F.3d 866, 872 (Fed. Cir. 1998) (noting that interference proceedings are also part of the public record).[4]

In short, U.S. Cellular's argument that VIPC impermissibly enlarged its claims during reexamination is based on the faulty premise that VIPC made a legally binding disclaimer concerning claim scope during the *Virgin Mobile* litigation.[5] No court has held that a claim construction argument that was never ruled on in prior litigation nonetheless operates as a legally binding disclaimer in future cases. I therefore deny U.S. Cellular's motion for summary judgment based on VIPC's purported violation of 35 U.S.C. § 305.

B.

As a fallback position, U.S. Cellular argues that VIPC substantively changed its claims during the second reexamination proceeding such that it should be estopped from enforcing the patents-in-suit before March 2013. This argument cannot be resolved before claim construction and is therefore premature.

---

[4] The Leahy-Smith America Invents Act, signed into law on September 16, 2011, replaced interference proceedings with derivation proceedings. *See* Pub. L. No. 112-29, § 3(I) (amending 35 U.S.C. § 135).

[5] In light of my holding that a claim construction argument is not a legally binding disclaimer, I need not decide whether VIPC's purported disclaimer was "clear and unmistakable." *Omega Eng'g*, 334 F.3d at 1326.

"Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate." *Bloom Eng'g v. N.A. Mfg. Co., Inc.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) (citing 35 U.S.C. §§ 252, 307(b)). "'Identical' does not mean verbatim, but means at most without substantive change." *Id.* (citing *Seattle Box Co. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 827-28 (Fed. Cir. 1984)). "[A] claim amendment made during reexamination following a prior art rejection is not *per se* a substantive change." *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1347 (Fed. Cir. 1998). Instead, courts determine whether a patent claim substantively changed during reexamination by "analyz[ing] the claims of the original and the reexamined patents in light of the particular facts, including the prior art, the prosecution history, other claims, and any other pertinent information." *Laitram Corp. v. NEC Corp.*, 952 F.2d 1357, 1362-63 (Fed. Cir. 1991). This analysis is akin to ordinary claim construction.

U.S. Cellular argues that VIPC substantively changed its claims during reexamination because the "videophone" claimed in the original patents was not "a single integrated device that includes a general purpose computer and a telephone."[6] VIPC

---

[6] The patent examiner applied the "broadest reasonable interpretation" rule in determining that VIPC's videophone was not necessarily a single integrated device. This determination

11

counters that its claimed "videophone" always included this limitation, which was simply made explicit during reexamination. *See Bloom Eng'g*, 129 F.3d at 1250 ("An amendment that clarifies the text of the claim or makes it more definite without affecting its scope is generally viewed as identical[.]"). The appropriate time to resolve this dispute over the scope of VIPC's original claims--and, by extension, whether VIPC substantively changed its claim during reexamination--is during claim construction proceedings in this case. "Numerous courts have held that the inquiry of whether two claims are identical should not occur until after formal claim construction." *Etagzm, Inc. v. Quiksilver, Inc.*, No. SACV 10-0300 DOC (MLGx), 2012 WL 2135497, at *2 (C.D. Cal. June 11, 2012) (collecting cases).

    Therefore, U.S. Cellular's motion for partial summary judgment on the ground that VIPC substantively changed its claims during reexamination is denied as premature.

---

is not binding during judicial claim construction because a court's goal is to identify the one "correct" interpretation of claim terms. *Flo Healthcare Solutions, LLC v. Kappos*, 697 F.3d 1367, 1378-79 (Fed. Cir. 2012).

III.

U.S. Cellular's motion for summary judgment is DENIED for the reasons stated above.

**ENTER ORDER:**

_____
Elaine E. Bucklo
United States District Judge

Dated: February 13, 2014