FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VISUAL INTERACTIVE PHONE CONCEPTS, INC., | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | |
| v. | ) ) | Civil Action No. 1:11-cv-05289 |
| UNITED STATES CELLULAR CORPORATION, | ) ) ) | Judge Elaine E. Bucklo |
| Defendant/Counterclaim-Plaintiff. | ) ) ) | |

**UNITED STATES CELLULAR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO <u>DISMISS PLAINTIFF'S CLAIM OF INFRINGEMENT</u>**

**INTRODUCTION**

Rather than address the issue raised in U.S. Cellular's Motion,[1] VIPC's Opposition[2] points generally to documents and testimony that VIPC apparently believes may generally relate to claim terms. But VIPC's Opposition—like its contentions—stops short of taking a position on how items discussed in the cited document or testimony allegedly map to specific claim limitations. VIPC also makes numerous off-point arguments about what has been "admitted" and summarily asserts that issues of infringement are "abundantly clear," (Dkt. No. 134 at 13) or "not even in dispute" (*id.* at 18*).* Such statements are false and do not help to identify what is being accused.

VIPC's Opposition ignores the specific deficiencies pointed out by U.S. Cellular's Motion. For example, VIPC fails to explain where its infringement contentions identify a particular "computer processor" that is connected to both a "video storage center" and a "user station," as claimed. Similarly, VIPC fails to explain where its infringement contentions identify "database storage components"—in either the "central data center" or the "vendor station." And VIPC fails to explain where its contentions identify structure corresponding to the "computer means for the transmission and receipt of vendor-type information." VIPC's failure to address the deficiencies raised in U.S. Cellular's Motion constitutes a waiver of any argument that VIPC's identification as to these elements was sufficient.

Furthermore, VIPC argues that it should be permitted leave to amend. But VIPC does not explain how it has met the standard for good cause. Indeed, VIPC does not argue that it has

---

[1] References herein to U.S. Cellular's "Motion" refer to U.S. Cellular's Memorandum In Support Of Its Motion To Strike Plaintiff's Infringement Contentions And To Dismiss Plaintiff's Claim Of Infringement. (Dkt. No. 124.)

[2] References herein to VIPC's "Opposition" refer to Plaintiff Visual Interactive Phone Concepts, Inc.'s Memorandum In Opposition To Defendant's Motion To Strike Plaintiff's Infringement Contentions And To Dismiss. (Dkt. No. 134.)

shown diligence nor does VIPC dispute that U.S. Cellular would suffer prejudice if VIPC is permitted a third attempt at final infringement contentions.

VIPC also criticizes U.S. Cellular for not meeting and conferring before filing its motion to strike. But U.S. Cellular's motion is not a discovery motion, and U.S. Cellular does not seek to compel further contentions from VIPC. VIPC has had enough attempts to produce infringement contentions. As a result, U.S. Cellular seeks to strike VIPC's noncompliant contentions and dismissal based on VIPC's objectively unreasonable failure to comply with the LPRs. No meet and confer is needed for such a motion.

## ARGUMENT

VIPC appears to believe that its infringement contentions are improved by pointing to an ever-greater quantity of unspecific deposition testimony and documents. But U.S. Cellular does not complain that VIPC has failed to cite a sufficient quantity of materials—it complains that VIPC's contentions, including the citations, fail to identify where each claim limitation can be found in this deluge of material.

**I. VIPC Has Not Identified the Constituent Elements of a Central Data Center or What Constitutes the Central Data Center as a Whole**

    **A. VIPC Has Not Identified the Constituent Elements of the Central Data Center**

U.S. Cellular's Motion identified several claim elements for which VIPC had identified no accused components in U.S. Cellular's systems. For example, U.S. Cellular pointed out that VIPC's infringement contentions fail to identify where the required central data center "database storage components" are purportedly found. (Dkt. No. 124 at 7-8.) But VIPC's Opposition is entirely silent on the issue of database storage components. Because VIPC failed to address U.S. Cellular's arguments on this issue, it has implicitly acquiesced and thereby waived any argument that its identification of database storage components was sufficient. *See, e.g., Wojtas v. Capital*

2

*Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (affirming the district court's holding that defendant's failure to address plaintiff's argument in its opposition brief constituted waiver); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (inferring acquiescence from defendants' failure to respond to argument and holding that "acquiescence operates as a waiver"); *Swanigan v. Trotter*, 645 F. Supp. 2d 656, 683 (N.D. Ill. 2009) (holding that plaintiff waived his claim by failing to respond to summary judgment argument and stating that "[a] failure to oppose an argument permits an inference of acquiescence and acquiescence operates as a waiver") (quoting *Wojtas*, 477 F.3d at 926); *Friemuth v. Fiskars Brands, Inc.*, 681 F. Supp. 2d 985, 988 (W.D. Wis. 2010) ("Defendant has not responded to that argument, which operates as waiver.").

  U.S. Cellular also pointed out that VIPC's contentions do not identify any particular "computer processor" that is connected to both a "video storage center" and a "user station." (Dkt. No. 124 at 8.) But VIPC's opposition fails to explain where its contentions identify such a processor. Instead, VIPC asserts its contentions are sufficient because they reference "the existence of computers and computer processing within the U.S. Cellular system." (Dkt. No. 134 at 15.) The fact that U.S. Cellular owns computer systems does not provide an identification of a ***particular*** computer processor that is connected to both a "video storage center" and a "user station" as is required by the claims.

  Similarly, U.S. Cellular pointed out that VIPC's contentions fail to specify whether the required "video storage center" is satisfied by U.S. Cellular equipment or by the equipment of a third party such as Amazon. (Dkt. No. 124 at 9.) Again, VIPC's Opposition fails to respond to this argument. VIPC asserts that "there is no question that US. [*sic*] Cellular is or is [*sic*]

3

connected to a video storage center" because "U.S. Cellular stores video."[3] (Dkt. No. 134 at 15.) The fact that U.S. Cellular may, in the abstract, store some kind of video, somewhere, at some time, does not provide a meaningful identification of the specific structure alleged to comprise the "video storage center" that is required to be connected to the same "computer processor" that is connected to the "user station." VIPC's Opposition makes reference to certain "optimization boxes," but VIPC never alleges that such optimization boxes are the claimed "video storage center."

### B. VIPC Refuses To Identify the Central Data Center as a Whole

VIPC has also failed to identify what it contends constitutes the "central data center" as a whole. As explained in U.S. Cellular's motion, VIPC points to an unidentified combination of "interconnected computer systems/servers/devices/routers" as the central data center. (Dkt. No. 124 at 5-6.) VIPC's Opposition does not respond to U.S. Cellular's complaint—and the affidavit of Mr. Taglienti—that these generally-identified systems describe nearly the whole of U.S. Cellular's network. (*Id.* at 6.) U.S. Cellular is entitled to know what specific components VIPC alleges correspond to the claim elements.

In addition to all of U.S. Cellular's network, VIPC asserts that the "CARES and/or TOPS system" are part of the central data center. (*Id.*) In its Motion, U.S. Cellular explained that a reference to TOPS does not provide a meaningful identification of accused structure because TOPS is not a discrete piece of equipment or software but instead a term that refers to countless different computer components and software modules. (*Id.* at 6-7.) VIPC's Opposition is silent as to this argument except to say that "U.S. Cellular's billing system (originally CARES and now

---

[3] This statement is indicative of the way VIPC ignores claim language. The relevant issue is not whether "U.S. Cellular is connected to a video storage center." The issue is whether a particular "computer processor" is connected to a "video storage center." *See* '092 Patent, Cl. 4, Dkt. No. 124, Ex. 1.

4

TOPS (Taglienti Tr. 137)) 'is located in [] Knoxville and Middleton.'" (Dkt. No. 134 at 15.) The fact that certain unidentified components of U.S. Cellular's billing system may be located in facilities in Knoxville and Middleton is not helpful in determining the equipment that VIPC contends constitutes the central data center.

VIPC's Opposition devotes nearly eight pages to discussing documents and testimony that VIPC apparently believes relate to the "central data center" claim term. (Dkt. No. 134 at 8-15.) But VIPC neglects to specify exactly which elements—depicted in documents or discussed in testimony—actually comprise the claimed "central data center." For example, VIPC discusses documents and testimony that relate to U.S. Cellular's facilities in Knoxville and Schaumburg. (*See, e.g.,* Dkt. No. 134 at 12.) But VIPC never specifies what equipment within these facilities comprises the claimed "central data center." And VIPC even refuses to state that these facilities, as a whole, constitute the entirety of the alleged central data center. Indeed, VIPC asserts that these facilities are only "part of the central data center." (Dkt. No. 134 at 12.)

VIPC also reproduces three block diagrams from U.S. Cellular documents that VIPC apparently believes relate to the "central data center" term. However, these diagrams are not specifically referenced anywhere in VIPC's infringement contentions and each is pulled from larger documents with a myriad of other figures.[4] Regardless, the existence of diagrams depicting U.S. Cellular's network at a high level does not help to identify what VIPC contends comprises the claimed "central data center." Each of these diagrams depicts different elements that only partially overlap. VIPC's Opposition—like its infringement contentions—does not specify which elements in each diagram are purportedly part of the claimed "central data center."

---

[4] The figures reproduced on Opposition pages 11 and 14 come from a document entitled "LTE-CDMA overlay End to End Architecture" which is over 300 pages. The figure reproduced on Opposition page 13 comes from a 9 page document which includes numerous other figures.

5

VIPC essentially asserts that these diagrams *might* depict elements that VIPC *may later* contend are part of the "central data center." In other words, VIPC attempts to maintain fluid contentions as to "central data center" that can change at any time to include any element depicted in any U.S. Cellular document. The Court should reject VIPC's attempt to leave its contentions as to "central data center" open ended as contrary to the purpose of the LPRs.

II.  **VIPC Has Not Identified the Constituent Elements of a Vendor Station or What Constitutes the Vendor Station as a Whole**

It is unclear why VIPC points out that "the presence of a vendor station is not even necessary to certain of the Patent claims." (Dkt. No. 134 at 19.) VIPC has asserted claims that require a "vendor station" and thus VIPC's infringement contentions for those asserted claims must identify the recited "vendor station." U.S. Cellular's Motion provided examples of instances where VIPC has not provided allegations of what supposedly constitutes the "vendor station." But instead of addressing these deficiencies, VIPC's Opposition makes off-point arguments regarding what it believes U.S. Cellular has "admit[ted]." (*See* Dkt. No. 134 at 21.)

A.  **VIPC Has Not Identified the Constituent Elements of the Vendor Station**

U.S. Cellular's Motion pointed to specific examples of the claimed components of the vendor station that were not identified by VIPC's infringement contentions. Specifically, U.S. Cellular pointed out that:

- VIPC's contentions fail to identify structure associated with the claimed "computer means for the transmission and receipt of vendor-type information." (Dkt. No. 124 at 10-11.)
- VIPC's contentions fail to identify the required "video system for transmitting a visual representation of vendor products or services." (*Id.* at 11.)
- VIPC's contentions fail to identify the required vendor station "database storage components." (*Id.* at 12.)

VIPC's Opposition is entirely silent as to each of these deficiencies. Because VIPC failed to address U.S. Cellular's arguments on these issues, it has implicitly acquiesced and thereby

6

waived any argument that its identification of these elements was sufficient. *See, e.g., Wojtas*, 477 F.3d at 926; *Cincinnati Ins.*, 260 F.3d at 747.

### B. VIPC Refuses To Identify the Vendor Station as a Whole

Despite the fact that a "vendor station" must be made up of specific hardware, VIPC contends that a vendor station is a corporate "entity." (*See* Dkt. No. 124 at 9; Dkt. No. 134 at 21 (asserting that "vendor stations" are "businesses").) VIPC's Opposition does not respond to U.S. Cellular's argument that an "entity" cannot be "electronically connected" to a central data center. And VIPC does not respond to the argument that its contentions fail to even identify a *specific* entity as constituting the vendor station. Instead, VIPC contends that unidentified "application and game developers" or unknown "providers of video and/or other media content for Amazon" could constitute "vendor stations." As with the "central data center" element, the Court should reject VIPC's attempt to leave its contentions as to "vendor station" open ended.

### III. VIPC Has Not Identified the Constituent Elements of User Stations or Which Handsets Are Accused As User Stations

#### A. VIPC Has Not Identified the Constituent Elements of the User Stations

VIPC argues that its contentions as to "input means" and "memory chip" are sufficient because "all smartphones sold by U.S. Cellular have a means for inputting" and because "the phones [U.S. Cellular] sells contain memory." (Dkt. No. 134 at 18-19.) But the issue is not whether all phones have some type of "memory" or "means for inputting." The issue is that VIPC has not asserted that a *specific* memory chip and a *specific* "means for inputting" in each accused handset matches the claims. As explained in U.S. Cellular's Motion, there are important differences between the various memory and inputs types for purposes of infringement. (Dkt. No. 124 at 14-15.) For example, when properly construed, "input means" does not include touchscreens but may include other types of handset inputs. (*See id.*) Moreover, not any type of

7

memory will satisfy the "memory chip" limitation because the claimed memory chip must store "transaction information." VIPC's Opposition ignores these issues.

### B. VIPC Refuses To Identify Which Handsets Are Accused

VIPC's infringement contentions assert that "user station" is satisfied by "any contemporary cellular device sold by U.S. Cellular." (Dkt. No. 124 at 12.) VIPC's Opposition appears to focus only on "smartphones" (*see* Dkt. No. 134 at 18-19), demonstrating how VIPC's infringement contentions are inadequate. It is unclear whether VIPC now accuses only smartphones in this litigation. Regardless, VIPC did not respond to U.S. Cellular's argument that a sweeping identification of all handsets of a certain class is improper. (Dkt. No. 124 at 13.) As a result, the Court should hold that VIPC has waived any argument that such an identification is sufficient. *See Wojtas*, 477 F.3d at 926; *Cincinnati Ins.*, 260 F.3d at 747.

### IV. VIPC's Opposition Fails To Address How The Central Data Center, User Station, And Vendor Station Are Connected

The asserted claims require that the "central data center" be "electronically connected to said user station and said vendor station." (*See, e.g.,* '092 Patent, Cl. 2, Dkt. No. 124, Ex. 1.) U.S. Cellular's Motion pointed out that VIPC's contentions simply assert that "computer systems/servers/devices /routers . . . and/or TOPS system" are, in some unspecified way, connected to handsets and third-party companies "through U.S. Cellular's network(s) or other cellular networks." (Dkt. No. 124 at 16.) Such a contention does not provide any meaningful information about the required connection. VIPC's Opposition does not address this critical deficiency in VIPC's contentions.

8

**V.      VIPC Has Not Demonstrated Good Cause To Further Amend Its Contentions and Dismissal Is Appropriate**

    **A.      VIPC Has Not Demonstrated Good Cause**

VIPC argues that it should be permitted leave to amend its contentions. (Dkt. No. 134 at 23-24.) But "[a] party may amend its Final Infringement Contentions . . . only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties." LPR 3.4. Good cause requires that "(1) the party seeking the amendment acted with diligence and (2) the accused infringer would suffer prejudice." *Thermapure, Inc. v. Giertsen Co. of Ill.*, No. 10 C 4724, 2012 WL 6196912, at *1 (N.D. Ill. Dec. 11, 2012). VIPC's Opposition utterly fails to address this standard for good cause. Indeed, VIPC does not explain how it has acted diligently. And VIPC does not dispute that U.S. Cellular would be prejudiced by further amendment.

Instead of addressing the good cause standard, VIPC argues that it should be permitted to amend because U.S. Cellular did not meet and confer with VIPC before filing the Motion. (Dkt. No. 134 at 24.) However, under Local Rule 37.2, a meet and confer is required only before filing "motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure." Here, the instant Motion is not a discovery motion. U.S. Cellular does not seek to compel further contentions from VIPC. On the contrary, U.S. Cellular seeks to strike VIPC's deficient contentions and argues that VIPC should not be permitted to provide yet another set of amended contentions. As a result, there was nothing to meet and confer about.

In any event, U.S. Cellular *did* meet and confer with VIPC regarding VIPC's first set of "final" infringement contentions. As explained in the Motion, the parties met and conferred on July 15th following a letter from U.S. Cellular to VIPC pointing out numerous problems with VIPC's infringement contentions. (*See* Dkt. No. 124, Ex. 4.) Only after VIPC provided a

9

second set of meaningless "final" infringement contentions did U.S. Cellular file its motion to strike.

VIPC also argues that it should be permitted further amendment because U.S. Cellular did not provide a witness with knowledge "concerning U.S. Cellular videophones or its relationships with the video providers it is connected to."[5] (Dkt. No. 134 at 24.) Even assuming, *arguendo*, that this statement were true (it is not), it provides no basis for VIPC to provide amended contentions concerning the "central data center" and constituent components. As explained above, VIPC's contentions fail to identify a central data center or the specific elements that must be included in a central data center. Thus, even if the Court were to permit VIPC leave to amend its contentions as to "user station" and "vendor station," VIPC contentions will remain noncompliant with the LPRs. In other words, permitting VIPC leave to amend its contentions as to the elements for which it contends it needs additional discovery would be futile.

Regardless, VIPC is wrong that U.S. Cellular did not present a witness with knowledge "concerning U.S. Cellular videophones or its relationships with the video providers it is connected to." (Dkt. No. 134 at 24.) VIPC took its 30(b)(6) deposition of U.S. Cellular on all technical topics. The only topics that were deferred to a later date relate to billing, revenue, marketing, and vendor contracts. U.S. Cellular made this clear to VIPC:

> For the September 29, 2014 deposition, U.S. Cellular's witness will be presented for Topics 1-2, 4-6, 8-13, and 21. U.S. Cellular will present a different witness to address the less technical topics, 3 and 14-18, at another mutually agreeable date.

(Ex. 7.) VIPC complains in its Opposition, for the first time, that U.S. Cellular's witness "had limited knowledge regarding the U.S. Cellular phones." (Dkt. No. 134 at 6.) But U.S. Cellular's

---

[5] The term "videophone" is a claim term with a specific meaning. U.S. Cellular objects to VIPC's use of this term when referring to accused U.S. Cellular's handsets. U.S. Cellular does not concede that any handset is a "videophone," as that term is used in the patents-in-suit.

10

company-wide knowledge of handsets is limited because U.S. Cellular does not design or manufacture handsets. For this reason, U.S. Cellular's written objections and responses to VIPC's deposition notice stated: "U.S. Cellular states that it has no detailed technical knowledge of the operation of the handsets, but will provide a witness to provide testimony about the handsets." (*See, e,g.,* Opposition, Ex. 8 at Response to Topic 2.) Consistent with this response, Mr. Taglienti testified that handsets are a "black box" to U.S. Cellular:

> Q On any of the phones that U.S. Cellular sells or has sold within the past couple of years, do you know specifically the hardware component in the phone that gives it the ability to remember or have memory?
>
> A No. To us it's really a black box, the device is.

(Opposition, Ex. 5 (Taglienti Tr.) at 19:16-22.) Consequently, VIPC has already had the opportunity to depose U.S. Cellular regarding its limited knowledge of handsets.

Furthermore, U.S. Cellular's knowledge of the operation of third party applications and services is also limited. U.S. Cellular's 30(b)(6) witness explained this to VIPC. For example:

> Q . . . How does U.S. Cellular enable access to those products and services that were listed in that third sentence? . . .
>
> A So U.S. Cellular -- in the case of EasyEdge an application gets downloaded to the device. We have absolutely no -- the network has no knowledge of what that application does or how it works. That application from the EasyEdge catalog, once downloaded to that device, communicates with a server and that communication is -- *is like a black box to us*.

(Opposition, Ex. 5 (Taglienti Tr.) at 32:16-33:5 (emphasis added).) Likewise, with respect to MobiTV, Mr. Taglienti testified:

> Q Okay. Do you know whether MobiTV stores TV a customer using the MobiTV application can watch?
>
> MR. LEIGHTON: Object to form.

11

> A So MobiTV is -- from a U.S. Cellular point of view, *it's a black box*. We don't know how they provide their service. We know that it requires a client that communicates with a server on the Internet to provide the video, the TV programs that they offer.

(*Id.* at 92:11-19 (emphasis added).) *See also id.* at 109:20-110:8 (explaining that Google Play is a "black box").) Thus, VIPC has already had the opportunity to depose U.S. Cellular regarding its limited knowledge of third party applications and services. VIPC is not entitled to any additional deposition time regarding handsets or third-party services.

### B. Dismissal Is Appropriate

U.S. Cellular's Motion asked the Court to dismiss VIPC's claim because VIPC has acted with "fault." (Dkt. No. 124 at 19-20.) Specifically, U.S. Cellular pointed out VIPC's behavior of repeatedly providing meaningless infringement contentions was objectively unreasonable. (*Id.*) VIPC's Opposition does not address this "objectively unreasonable" standard. VIPC contends that dismissal is an extreme remedy, but VIPC does not explain why dismissal would be inappropriate if the Court finds that VIPC's service of meaningless infringement contentions was objectively unreasonable.

In any event, dismissal is the only logical result if the Court strikes VIPC's contentions and holds that VIPC has not demonstrated good cause for further amendment. Indeed, disclosure of a patentee's theory of infringement in accordance with the Court's rules and orders is a prerequisite to proceeding to trial on that theory. *See, e.g., Nike Inc. v. Wolverine World Wide, Inc.,* 43 F.3d 644, 648 (Fed. Cir. 1994) (affirming district court's order precluding patentee from proceeding to trial on infringement theory that had not been disclosed in the patentee's infringement contentions). If VIPC's contentions are stricken, it would be precluded from proceeding to a trial on the issue of infringement.

## **CONCLUSION**

For the foregoing reasons and those stated in U.S. Cellular's opening memorandum, the Court should grant U.S. Cellular's Motion To Strike Plaintiff's Infringement Contentions And Dismiss Plaintiffs' Claim Of Infringement.

Dated: December 19, 2014

Respectfully submitted,

UNITED STATES CELLULAR
CORPORATION

By: /s/ Robert D. Leighton
      One of Its Attorneys

Richard J. O'Brien
Paul E. Veith
Douglas I. Lewis
Robert D. Leighton
Jessica Johnson

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036