IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VISUAL INTERACTIVE PHONE )
CONCEPTS, INC., )
 )
    Plaintiff/Counterclaim-Defendant, )
 )
v. ) No. 11 C 5289
 )
UNITED STATES CELLULAR )
CORPORATION, )
 )
    Defendant/Counterclaim-Plaintiff. )

## OPINION AND ORDER

Plaintiff Visual Interactive Phone Concepts, Inc. ("VIPC") brings this action against defendant United States Cellular Corporation ("USCC") charging infringement of United States Patent No. 5,724,092 ("the '092 patent") titled "Videophone Interactive Mailbox Facility System and Method of Processing Information." The patent was reexamined and amended. Reexamination certificates were issued by the United States Patent and Trademark Office ("USPTO") in 2010 and 2013.

There are a number of motions before the court. USCC seeks to strike VIPC's infringement contentions. (Dkt. 156.) VIPC contends that its infringement contentions comply with Local Rules that require notice to the defendant of the basis for a plaintiff's belief that it has a reasonable chance of proving infringement. Judge Bucklo struck the contentions with leave to amend. (Dkt. 150.) Plaintiff has amended and defendant has renewed its motion.

USCC seeks a ruling on a motion for partial summary judgment of no liability prior to the date of the second reexamination certificate issued with respect to the '092 patent. That motion was denied by Judge Bucklo as premature until after claim construction. (Dkt. 99.)

USCC has moved for judgment on the pleadings pursuant to *Alice Corp. Pty. Ltd. v. CLS Bank Int'l,* 134 S. Ct. 2347 (2014) requesting a judgment of invalidity because the '092 patent does not claim patent eligible subject matter within the meaning of 35 U.S.C. § 101.

Issues of claim construction should be resolved before the other pending motions are considered.

Infringement of Claims 1 and 3 of the '092 patent is claimed. The patent claims a system for ordering and viewing videos and video product and related transaction information using a videophone. As amended, Claims 1 and 3 of the '092 patent provide:

> 1. A videophone interactive mailbox facility system including a central data center for processing of information to conduct a transaction, comprising:

a) a user station having a videophone for viewing transaction *information and video*[1] sent or received to conduct a transaction; and means for inputting said transaction information into said videophone; said videophone including *a video screen,*[1] a memory chip for storing said transaction information and an interface chip for interfacing with said central data center; *wherein said videophone is a single integrated device that includes a general purpose computer and a telephone;*[2] and

b) said central data center electronically connected to said user station including a computer processor *connected to a video storage center*[1] for centralized transmitting, receipt of and storage of said transaction information and vendor-type *video product and service*[1] information with said user station; database storage components for receiving and storing said transaction information sent from said user station; and a network interface for electronically connecting and making said computer processor compatible with said user station.

\*    \*    \*

3.  A videophone interactive mailbox facility system including a central data center for processing information, comprising:

a) a user station having a videophone for viewing information sent or received; and means for inputting said information into said videophone; *wherein said videophone is a single integrated device that includes a general purpose computer and a telephone;*[2] and

b) said central data center electronically connected to said user station and including a computer processor *connected to a video storage center*[1] for centralized transmitting, receipt of and storage of *said information and vendor-type video product and service information*[1] with said user station; database storage components for receiving and storing said information sent from said user station; and a network interface for electronically connecting and making said computer processor compatible with said user station.

---

1 Language added as a result of Ex Parte Reexamination Certificate issued in 2010.
2 Language added as a result of Ex Parte Reexamination Certificate issued in 2013.

The parties' proposed construction is as follows:

| Term | USCC's Construction | VIPC's Construction |
|---|---|---|
| videophone interactive mailbox facility | Limiting preamble term – a system (1) with a videophone; (2) where "interactive" means that the user can control both input and output of the display or information that is received and that this does not include passive systems where information is sent to a user without any control by the user; and (3) where "mailbox facility" means that the user can receive information from the system even when the user is not on the phone and the display includes messages sent to the user station while the user is not on the system. | Non-limiting preamble that does not require construction. Moreover this is self defined by the claims. |
| *central data center* electronically connected to said user station and including a computer processor connected to a video storage center for centralized transmitting, receipt of and storage of said information and vendor-type video product and service information with said user station; database storage components for receiving and storing said [transaction] information sent from said user station; and a network interface for electronically connecting and making said computer processor compatible with said user station | The central data center is a part of the claimed system which contains at least the following three components:<br><br>(1) a computer processor connected to a video storage center for centralized transmitting, receipt of and storage of said transaction information and vendor-type video and product and service information with the user station;<br><br>(2) database storage components for receiving and storing said transaction information sent from the user station; and,<br><br>(3) a network interface for electronically connecting and making said computer processor component of the central data center compatible with the user station.<br><br>The central data center is "centralized" within the claimed system which means that it is placed between the user station and the vendor(s) and processes information to conduct a transaction. There cannot be more than one central data center in the claimed system. | Computing system, including one or more computer processors, connected to one or more video storage centers and one or more videophones, and sends, receives, and stores information and video content. |

4

| Term | USCC's Construction | VIPC's Construction |
|---|---|---|
| a user station having a videophone | A user device that includes a video phone as well as additional, physically separate structures such as a printer, expanded touch pad, encoder, or decoder. | A videophone by itself or in combination with additional devices. |
| videophone is a single integrated device that includes a general purpose computer and a telephone | Videophone is a single integrated device that includes a general purpose computer and a telephone where a videophone is a device (1) having the capabilities to receive video/voice and/or video/text as its primary function; and (2) integrated with additional PC technologies and similar capabilities (disk storage, CDs, diskettes, and memory in the megabyte range and up and/or keyboards). Video/voice and/or video/text refer to the claimed functionality where video/voice refers to the combination of video and voice and video/text refers to the combination of video and text. | A videophone is a single device that incorporates a telephone, a display screen, and a computer and can receive and display video content and is commonly referred to as a smartphone. |
| means for inputting said [transaction] information into said videophone | Function: inputting transaction information into the videophone (no construction needed).<br><br>Corresponding Structure: buttons on a touch pad, expanded touch pad, and equivalents that is part of the user station, not the videophone. | Allowing a user to submit information into a videophone including through buttons or a touch-sensitive display screen. The support in the '092 patent includes "touch pad," Abstract, figure 4, col. 6:1-4, col. 25:42, claim 6, claim 7; "touch panel on … the LCD screen," col. 2:15-18; "pushbuttons," col. 4:21; "keyboards," col. 15:3. |
| electronically connected to | Wired connection over which electrons can travel. | Electronically joined or linked, whether wired, wireless or through software or computer hardware. |
| [transaction] | Information about an agreement, contract, exchange, understanding, or | Information about a transaction, for example the identity, price, |

| Term | USCC's Construction | VIPC's Construction |
|---|---|---|
| information | transfer of cash or property that occurs between two or more parties and establishes a legal connection. This construction applies both to "information" by itself and to "transaction information." | quality or quantity of tangible or intangible goods. |
| vendor-type video product and service information | A visual (*i.e.* not consisting solely of text) representation of a product or service that can be made the subject of a transaction. | Video content and information about video content. |
| central data center connected to said user station and including a computer processor connected to a *video storage center* for centralized transmitting, receipt of and storage of said [transaction] information and vendor-type video product and service information with said user station | Equipment within the central data center for centralized transmitting, receipt of and nontemporary storage of said transaction information and all vendor-type video product and service information with said user station, where temporary storage is defined as "a region in memory or on storage device that is temporarily allocated for use in storing intermediate data in a computational, sorting, or transfer operation." | Computer hardware or software that stores video content. |
| computer processor | The computational and control unit of a computer. The central processing unit is the device that interprets and executes instructions. | Component of a computing device that interprets or executes signals or instructions or manipulates data, and which is found in servers, routers and other computers. |
| database storage components | Computer equipment on which a database is stored where a database is a file composed of records, each containing fields together with a set of operations for searching, sorting, recombining, and other functions. | Computer hardware or software used to store data. |

Eleven terms from the Claims are proposed for construction as set forth in the parties' Joint Presentment and briefs. A patent is to be construed in accord with the meaning it would have to a person of ordinary skill in the art at the time of the invention. *Innova/Pure Water, Inc. v. Safari Water Filtration Sys. Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004). The claims are to be read in view of the specification, of which they are a part. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005). When the terms used are ordinary and commonly used words it is not proper to depart from plain meaning absent patent lexicography or disavowal. *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012).

The terms proposed for consideration are as follows:

1. **"videophone interactive mailbox facility system"**

The preamble of Claims 1 and 3 contains the words "videophone interactive mailbox facility system" before the transitional word "comprising." USCC reads the phrase as limiting and requiring a determination of the nature of the term. Generally, a preamble does not limit a claim and need not be construed when a claim describes a structurally complete invention. If a preamble is reasonably to be construed to be descriptive of the limitations in the body of the claim and not added to overcome a prior art rejection it is not appropriate to construe it to be a separate limitation. *Am. Med. Sys., Inc. v. Biolitec, Inc.*, 618 F.3d 1354, 1358-59 (Fed. Cir. 2010).

The preambles of Claims 1 and 3 and are nearly identical (Claim 1 adds the words "to conduct a transaction"). The preambles do not recite an essential structure or steps that do not appear elsewhere in the Claims. The phrase was not added to overcome prior art. The specification does not suggest that the language conveys special meaning to anything in the Claims.

It is not necessary or appropriate to construe the preamble terms.

2. **"central data center"**

USCC proposes that the court adopt a construction of the term "central data center" adopted by a court construing the '092 patent in previous litigation. *Visual Interactive Phone Concepts, Inc. v. Big Planet, Inc.*, No. C99-20936, Order Re: Claims Constuction at 2 (N.D. Cal. Dec. 17, 1999). The only difference between USCC's proposed construction and the *Big Planet* court's construction is that USCC adds the terms "connected to a video storage center" and "video product and service" terms that VIPC added in reexamination after the *Big Planet* construction.

USCC's proposed construction of "centralized" to mean that the "central" data center must exist between the vendor station and user station would create an illogical definition of "central" that works for some claims but not others. Every claim in the patent contains a central data center, but only some contain a vendor station (2 and 4), while others do not (1 and 3).

8

The contention and holding that there cannot be more than one central data center in the claimed system wrongly attempts to import a claim limitation from the specification in violation of basic rules of construction. ***Specialty Composites v. Cabot Corp.,*** 845 F.2d 981, 987 (Fed. Cir. 1988). The claim language does not limit the system to a single data center.

The language of the claim does not support the proposed limitations and does not require additional construction.

3. **"a user station having a videophone"**

This phrase can be understood without construction and would not be clarified by either of the parties' proposed construction.

4. **"videophone is a single integrated device that includes a general purpose computer and a telephone"**

The language defining the videophone as a "single integrated device that includes a general purpose computer and a telephone" was added to the patent as a result of the second reexamination proceeding, apparently to overcome prior art. In the context of the patent, emphasis appears to be on the "single integrated device language" which is clear without construction,

USCC is correct that it would be improper to describe or construe the device as a "smartphone." Claim terms are not to be construed with respect to accused products. ***Vita-Mix Corp. v. Basic Holding, Inc.,*** 581 F.3d 1317, 1324 (Fed. Cir. 2009).

The language is clear and does not require construction.

5. **"means for inputting said transaction information into said videophone."**

Both parties agree that the language is a "means plus function phrase" within the meaning of 35 U.S.C. § 112(f). The application of the statute requires the specification of the structure which provides inputting information into the videophone. The patent description provides this information:

"touch pad." Abstract, figure 4, col. 6: 1-4, col 25: 42, claim 6, claim7;

"touch panel on . . . the LCD screen," col. 2: 15-18;

"pushbuttons," col. 4: 21;

"keyboards," col. 15: 3.

6. **"electronically connected to"**

Contrary to USCC's argument, there is nothing in the patent to support the argument that the patent should be understood as referring only to a wired connection. It is commonly understood that an "electronically connected" system may be wired, wireless or through software or computer hardware, and the term will be so construed.

7. **"information and transaction information"**

It is clear from the language that "information" and "transaction information" refers to commercial information and transactions and do not require additional construction to be understandable.

8. **"vendor- type video product and service information"**

9. **"video storage center"**

10. **"computer processor"**

11. **"data base storage components"**

Proposed terms 8, 9, 10, and 11 are clear and do not require construction.

IT IS THEREFORE ORDERED AS FOLLOWS:

The issues presented with respect to claim construction are resolved as stated in the foregoing opinion of this date.

                            ENTER:

                            */s/ William T. Hart*

                            United States District Judge

Dated: AUGUST 11, 2016